LAVINIA ASH *vs*. ABRAHAM LINCOLN ASH.

JANUARY 21, 1929.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEETLAND, C. J.   This is a petition for divorce filed December 19, 1927, in which the petitioner alleges that the respondent, being of sufficient ability, has been guilty of neglect to provide necessaries for the subsistence of the petitioner, and also has wilfully deserted the petitioner for a period of five years next before the filing of the petition.

The petition was heard upon its merits before a justice of the Superior Court, who gave a decision denying and dismissing the petition.   The cause is before us upon the petitioner's exception to that decision, and upon certain exceptions taken by the petitioner to the rulings of the justice made in the course of the trial.

It appears in the evidence presented at the hearing before said justice that, previously, on October 27, 1921, in Newport county, the petitioner filed a petition for divorce against the respondent on the grounds of nonsupport and extreme cruelty.   On October 28, 1921, the day following the filing of said former petition for divorce, petitioner filed in the Superior Court in Newport county, a petition reciting certain acts of violence on the respondent's part, some of which were directed against the petitioner personally, and others resulted in damage to a building belonging to her in which she resided.   The petitioner prayed that the Superior Court enjoin the respondent from annoying her, from entering her house or interfering with her in the occupation of said premises.   We assume that this petition for injunction was filed in reliance upon the statutory provision giving to the Superior Court jurisdiction during the pendency of a petition for divorce to "grant such temporary injunctions as may be necessary until a hearing can be had before said

court." Section 16, Chapter 291, Gen. Laws 1923. Said petition for injunction was by the clerk of the Superior Court in Newport given a number in the files of that court differing from that of the petition for divorce. That this petition for injunction, however, was regarded by counsel and by the court as a part of the divorce proceedings is shown by the form of the order entered upon the petition after hearing. It was entitled, "Interlocutory Decree," "Div., No. 1901." It ordered and decreed "that pending the trial of the above entitled petition for divorce and until further order of this court, the respondent Abraham L. Ash be and he is hereby enjoined." Then follows an order, enjoining the respondent from entering the petitioner's home, assaulting her, threatening her or interfering with her occupation of her property. It is undisputed that the property in which the petitioner resided and which was referred to in said order of injunction, was her separate property which she had inherited from her mother. On July 2, 1924, said former petition for divorce was heard in the Superior Court upon its merits and decision was entered denying and dismissing the petition. From that decision no appellate proceedings were taken.

At the hearing in the Superior Court upon the petition for divorce now at bar the petitioner and her witness testified that since the decision denying her former petition the respondent has entirely failed to support the petitioner. The respondent on the stand admitted this testimony of the petitioner to be true, but sought to excuse his neglect upon the ground that he was relieved of the duty of supporting his wife by reason of the interlocutory decree granted to the petitioner in connection with her former petition for divorce, in which the respondent had been enjoined from entering the house where the petitioner resided, pending the trial and "until further order of the court." Respondent claimed, and it was strongly urged to us by his solicitor, that said order of injunction was still in full force and until the injunction ordering him not to enter the petitioner's home

was specifically vacated he was relieved from the duty of supporting her.

The respondent also testified, over the petitioner's exception, that at his request a clergyman had sought to effect a reconciliation between the petitioner and respondent, but that she had refused to permit the respondent to return to her home; also the respondent's solicitor was permitted to testify that he had written to the petitioner and to her solicitor of record in the former petition, who does not appear as the petitioner's solicitor in the case at bar, seeking a settlement between the parties by which the petitioner should pay to the respondent a sum of money as consideration for the respondent's release of his rights in the house owned by her in which she resided. The respondent's solicitor also testified that in some of those letters he had, on behalf of the respondent, made offers that the respondent would support the petitioner.

As to the efforts at reconciliation through the agency of the clergyman, it does not clearly appear as to the time of such efforts, but from its context it is probable that this testimony of the respondent related to matters which occurred during the pendency of the former petition for divorce. The respondent's testimony in this regard was inadmissible in so far as it was of hearsay, and entirely irrelevant because it did not appear to relate to the period since the dismissal of the former petition.

As to the testimony of the respondent's solicitor concerning the contents of the letters which he claims to have written to the petitioner and to her former solicitor, it was introduced over the objection and exception of the petitioner. The respondent had given no notice to the petitioner or her present solicitor of the respondent's intention to introduce evidence as to the contents of such letters, nor any notice to the petitioner to produce such letters, nor did the respondent produce copies of such letters. The petitioner admitted that she had received letters from the respondent's solicitor in which he sought to obtain money for the release of the

respondent's right in her property, but that none of such letters contained offers on behalf of the respondent that he was ready to support her. At the close of the evidence the petitioner's solicitor moved that the case be continued until the following morning in order that he might produce the letters which the solicitor claimed he had written to the petitioner and to her former solicitor. This motion was denied and is the ground of an exception before us. If the justice intended to give any weight to the testimony of the respondent's solicitor, which he had admitted over the petitioner's exception, in fairness to the petitioner she should have been given an opportunity to present such letters to the court that their contents might be known. However, we shall not treat the action of the justice in this regard as reversible error for the reason that the justice stated that his decision was made entirely without regard to this testimony of the solicitor of the respondent.

Although the fact of the respondent's failure to support the petitioner since the dismissal of the former suit for divorce is admitted, and was not questioned by the court, the justice presiding denied and dismissed the petition. That decision was based upon the judge's determination that "the injunction is in existence" which required the respondent not to enter the petitioner's house, nor to interfere with her occupation of her property; that in those circumstances the respondent was relieved from his marital obligation. In the course of the hearing the justice laid stress upon the fact that the injunction was "to stand until further order of the court." The respondent seeks to support the judge's decision that the injunction is still in force on the ground that it was entered in a proceeding distinct from the former divorce petition. From the record it appears that notwithstanding the confusion arising from the number of the petition for injunction in the files of the court, the injunction was intended to be an interlocutory order in the divorce proceedings. If it should be conceded, however, that the petition for injunction was a proceeding separate from the

divorce petition, it clearly was in aid of that petition and had no standing save ás auxiliary to that petition.

Whether the injunction petition and order be regarded as interlocutory or as auxiliary, the dismissal of the petition for divorce, in the absence of any special circumstance appearing in this case, strikes down and vacates all interlocutory orders made in the case and also all proceedings which are ancillary to the main case.

The language of the order which enjoins the respondent pending the trial of the petition for divorce "and until further order of the court" did not have the effect of extending the period of injunction beyond the time when the court finally entered his judgment of dismissal. The order contemplated the possibility of the vacation of the injunction before the trial of the petition for divorce, but did not have the effect of continuing the injunction beyond the time when the jurisdiction of the court over the main case ceased.

The petitioner's exception to the decision of the justice denying the petition is sustained. The respondent on January 30, 1929, may appear and show cause, if any he has, why the case should not be remitted to the Superior Court for the entry of a decree granting the prayer of the petition upon the ground of the respondent's failure to provide necessaries for the subsistence of the petitioner, being of sufficient ability so to do.

*Max Levy, W. Louis Frost,* for petitioner.
*Robert M. Franklin,* for respondent.

