ISABELLA G. BURNS *vs.* ROBERT E. BURNS.

APRIL 5, 1929.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

RATHBUN, J.   This case was heard by a justice of the Superior Court on petition and cross-petition for divorce. Said justice denied and dismissed the respondent's cross-petition and granted the original petition for divorce from bed and board upon the ground of neglect to provide.   The case is before us on respondent's exception  to  the ruling denying and dismissing said cross-petition and to the rulings granting the original petition and awarding an allowance for separate maintenance.

The parties were married in 1904 and lived together as man and wife until 1922 when the wife left the home and

filed a petition for divorce from bed and board on the ground of extreme cruelty. Before the petition was heard it was amended by adding an allegation charging gross misbehavior and wickedness in violation of the marriage covenant in associating with another woman. At the trial of the case the petitioner failed to establish either of her charges and the petition was denied and dismissed. Her exception to the decision was overruled by this court in a rescript filed February 15, 1927, *Burns* v. *Burns*, 136 A. 14. The petitioner was properly supported until she left the respondent's home. From the commencement of the original divorce proceedings until February 15, 1927, when the decision adverse to the petitioner was approved by this court, the respondent, by order of court, paid to the petitioner, for her support, a weekly allowance of $25. The last weekly payment was made for support for the week ending February 19, 1927, two days after the filing of said rescript. From said date until February 23, 1928, the date on which this petition was filed, the respondent contributed nothing for the petitioner's support. This petition alleges nonsupport for a period of more than one year next before the filing of the petition. Upon the filing of said petition the respondent filed a cross-petition for absolute divorce alleging desertion for a period of more than five years. The petition and cross-petition were heard together. The trial justice ruled that, even although the petitioner without justifiable cause deserted the respondent, the period during which the original petition was pending could not be considered as a part of the period of desertion and, therefore, that the respondent had failed to prove desertion for a period of five years. It appearing that the husband had contributed nothing for the support of the wife for a period of one year and four days next before the filing of this petition, said justice granted her petition for divorce from bed and board on the ground of neglect to provide and awarded her as an allowance for separate maintenance $25 per week until further order of the court.

Was it the legal duty of the respondent to support his wife during the period from February 19, 1927, to February 23, 1928?

Although the record in the case commenced by the first petition raises a strong suspicion that the petitioner left the respondent's home because he refused to give her one half of his personal estate, the reason as set forth by the original allegation in said petition, was that he had treated her with extreme cruelty. The rescript of the justice who heard said petition contains language as follows: "The acts of cruelty complained of by her consist chiefly of his neglect to be a companion to her, and his absence 'from the home. There was evidently some feeling on his part that his wife used his home and his money for the care and maintenance of her relatives, and that many of the disputes between them arose over this cause. There is further testimony that disputes arose between them over the sharing of his property on a fifty-fifty basis." In our rescript, sustaining the decision of said justice in denying the petition, we made the following statement: "The evidence warrants a finding of the justice. . . . that the petitioner, while a woman of good moral character, is given to exaggeration and easily permits herself to make inaccurate and exaggerated statements; and further that her too dominant and frankly pronounced desire for pecuniary advantage from the marriage relation has led to quite a little of the discord which has existed between the parties." *Burns* v. *Burns, supra*. The said justice found that the petitioner wholly failed to support either the allegation of extreme cruelty or that of gross misbehavior and wickedness. By the weight of authority it is now *res judicata* that he was not guilty of either charge. *O'Brien* v. *O'Brien*, 142 A. (N. J.) 898; *Pitel* v. *Pitel*, 107 A. 145; *Brindley* v. *Brindley*, 121 Ala. 429, Ann. Cases 1916 B, 898; *McKay* v. *McKay*, 290, S. W. 951; *R. C. N. Mfg. Co.* v. *Whitaker* 49 R. I. 449. The respondent's conduct not being such as to entitle her to a decree for judicial separation it follows that she abandoned respondent's home without just

cause. Having without justifiable cause left her husband's home where, as she admits, she was properly supported, it is her own fault that she now finds herself without support. We have repeatedly held that: "The state will permit a divorce to be granted only upon affirmative convincing evidence that the petitioner is without fault and that the respondent has been guilty of an offense which is in violation of the marriage covenant." *Hurvitz* v. *Hurvitz*, 44 R. I. 478; *McLaughlin* v. *McLaughlin*, 44 R. I. 429. If the petitioner did not know when she left the respondent's home—and there is a strong suspicion that she did—that her alleged reasons for leaving were not founded on fact, she knew when the decision of said justice was sustained by this court that she had no legal justification for abandoning or continuing to live apart from her husband. 30 C. J. at 519 contains the following statement: "The husband's duty properly to maintain and support his wife is conditioned upon her being ready and willing to perform the duties of living with her husband and making his home her home. A wife who is living apart from her husband and who has lost the right to maintain an action for judicial separation can reinstate herself to the right of maintenance and support only by offering to resume her wifely duties . . . where a wife abandons her husband and his home without justification, he is not required to solicit her return; it is her duty to offer to return and until she does so, no obligation of support rests upon the husband." In *O'Brien* v. *O'Brien, supra*, the court made the following statement: "Considering that the complainant's abandonment of the defendant was based upon alleged acts of cruelty, which, by reason of the dismissal of her petition for divorce, he must be conceded to have been exonerated of, it appears to me it was incumbent upon her to have manifested contrition or repentance for her unjustified abandonment of her husband, her base and malicious aspersion of his character, and the outrageous charges of moral depravity which she repeatedly made against him." Neither before nor after she was

advised by the rescript of this court in *Burns* v. *Burns*, *supra*, that she abandoned her husband without just cause did the petitioner seek a reconciliation by offering to return to her husband and perform her part of the marriage covenant. The petitioner having departed wrongfully and made no effort in good faith to correct her error the respondent owes her no duty to support her separate and apart from himself.

We will now consider the ruling denying the respondent's cross-petition which was based on an allegation that the wife had deserted the husband for more than five years.

The original petition was pending from May 5, 1922. until February 15, 1927. In determining whether the respondent has proved desertion for a period of five years it is necessary to consider the question whether the wife should be deemed a deserter during the time that the petition in the original case was pending. If said period is eliminated the most that the respondent could hope to establish would be desertion for a few days more than one year.

Counsel apparently agree to the proposition that if the abandonment of the husband and the commencement of the divorce proceedings were in good faith the wife can not be deemed a deserter while thus acting in good faith.

As a part of her evidence to establish good faith the wife was, by her own testimony and that of her counsel, permitted to show that she related the facts to her counsel and that he advised her that she had good ground upon which to obtain a divorce. Respondent excepted on the ground that the testimony was admitted over his objection without requiring the petitioner and her counsel to state what facts were related to counsel. We think said justice should have required such preliminary testimony in order that he might have been able to determine whether the advice was based upon a full, frank and fair disclosure of the facts, and that it was error not to do so. However, it is unnecessary to consider this subject at length because in our opinion the respondent's own act of filing on April 26, 1926, a cross-

petition for divorce on the ground of extreme cruelty was an overt act constituting a consent that his wife live separate and apart from him. When the parties are living apart by consent there is no desertion. If no other material facts are involved the marital rights of neither party are violated. *Ford* v. *Ford*, 143 Mass. 577, 9 R. C. L., p. 358, § 144, *et seq.* During all of the time that the cross-petition in the original case was pending there was at least a consent on his part to live separate and apart, if not an implied refusal to cohabit with his wife. Such an act would have defeated the purpose for which the cross-petition was filed. *Hurning* v. *Hurning*, 80 Minn. 373; *Ford* v. *Ford, supra; Easter* v. *Easter*, 73 A. 30. See also authorities cited on page 31 of the last citation. While undisclosed emotions do not affect the rights of a deserted party, when consent to the desertion is communicated by such party to the other spouse the deserted party is estopped to complain of the continuance of the desertion. See authorities above cited. The decision denying the cross-petition was correct.

The respondent's exception to the granting of the wife's petition and awarding her separate maintenance is sustained. His exception to the denial of the cross-petition is overruled and the case is remitted to the Superior Court with direction to dismiss both the petition and the cross-petition.

*Alexander L. Churchill, Peter L. Cannon,* for petitioner.
*Cooney & Cooney,* for respondent.