KATHLEEN C. LONG *vs.* EDGAR R. LONG.

FEBRUARY 12, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is a petition for divorce which was heard in the Superior Court on respondent's cross-petition. The proceedings were commenced by Kathleen C. Long who filed a petition asking for divorce *a mensa et thoro* on the ground of nonsupport. The respondent filed a cross-petition for an absolute divorce on the ground of desertion.

When the case was called for hearing said Kathleen C. Long withdrew her petition and the cause was heard on the respondent's cross-petition. The trial justice granted the same and the cause is here on the exception of Kathleen C. Long to the decision granting the cross-petition.

The parties were married June 7, 1927, and went to live with the parents of Edgar R. Long. In the latter part of December of that year, Mrs. Long, after a dispute over a trivial matter, left her husband and has not lived with him since. It is contended that the decision of the trial justice was erroneous on two grounds: (1) that the record does not show any attempt on the part of Edgar R. Long to affect a reconciliation, and (2) that the granting of the cross-petition on the ground of desertion for a period of less than five years was an abuse of the discretion reposed in the trial justice by the statute, which is as follows: "Divorce from the bond of marriage shall also be decreed for the following causes . . . wilful desertion for five years of either of the parties, or for such desertion for a shorter period of time in the discretion of the court . . . ." G. L. 1923, Chap. 291, Sec. 2.

In support of the first ground of error, the case of *Thorpe* v. *Thorpe*, 9 R. I. 57, is relied on. It was there found that the husband's conduct was such as to "give countenance to the respondent's departure." In the present case the husband was not guilty of conduct that warranted his wife's departure. Her complaint is that she felt that her husband's parents did not want her to live with them. Her husband testified that before she left him he asked her to join him in a search for a tenement where they could live by themselves and that she refused. There is, therefore, in the present case nothing to "give countenance to the respondent's (the wife's) departure."

Although there are respectable authorities to the contrary, we are of the opinion that the more reasonable rule is that, when a wife, without just cause, deserts her husband the first step towards a reconciliation must be taken

by her. 13 C. J. 65. In *Ford* v. *Ford*, 143 Mass. 577, Holmes, J., said: "When one party terminates the cohabitation by desertion, the other is not bound to take any step to restore it. If he remains silent until he files his libel, his silence does not take away his right to a decree. Conduct which in itself is proper cannot be made improper by inquiring what he would have done in an event which did not happen. The mode of testing that was for the wife to return."

As to the second ground of error, the total period of separation was three years and about nine months. But, on May 6, 1929, the husband petitioned for a divorce on the ground of extreme cruelty and desertion and this petition was denied October 9, 1929. While this petition was pending there was consent on the part of the husband that his wife live separate and apart from him and "when the parties are living apart by consent there is no desertion." *Burns* v. *Burns*, 50 R. I. 129.

Deducting from the total period of separation the time the husband's petition was pending leaves three years and about four months during which there was no legal obstacle in the way of a reconciliation had the wife so willed.

In *Robinson* v. *Robinson*, 146 Atl. 409, a petition for divorce after two years desertion having been denied on the ground that the parties might become reconciled, a subsequent petition filed about two years later was granted. In sustaining the decision, this court said: "The first petition was denied because the trial justice believed that the parties might become reconciled. It was apparent to the justice who heard this petition that there was no longer a possibility of reconciliation. It was a proper case for the exercise of discretion to grant a divorce for desertion for a period of less than five years." In the present case the trial justice found " . . . enough testimony in here in regard to the situation that developed between those two people, and on her own testimony, to warrant me in finding as a fact that there is no probable ground to believe that there will

ever be a reconciliation." After reading the transcript of testimony, we cannot say that there was an abuse of discretion and the exception to the decision of the trial justice is overruled.

The exception is overruled and the case is remitted to the Superior Court for further proceedings.

*Boss & McMahon, Henry M. Boss, Jr., Francis W. Conlan,* for petitioner.

*Fergus J. McOsker,* for respondent.