STATE *vs.* GEORGE W. DOWNING, JR.

NOVEMBER 14, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J.   The defendant, jury trial being waived, was found guilty on a criminal complaint charging him with neglect to support his wife.   The case is here on exceptions of the defendant most of which raise the same question of law.

The defense was that as the wife had been guilty of a breach of her marital obligation, her husband was under no

duty to support her and was not subject to criminal prosecution for his failure to support.

Section 38 of Chapter 399, General Laws, 1923, provides that: "Every person who shall abandon his wife or children, leaving them in danger of becoming a public charge, or who shall neglect to provide according to his means for the support of his wife or children . . . shall be deemed guilty of a misdemeanor . . ."

Defendant admitted his ability to support his wife and his neglect to support her. He offered evidence that, before their separation, his wife had been guilty of extreme cruelty and that he had kept and performed all the duties and obligations of the marriage covenant. This evidence was rejected by the trial justice who ruled that a husband was obliged by law to support his wife until the marital relation was terminated by divorce or otherwise and that the only defenses permissible were that there was no existing marriage or, if there was, that the husband was unable to provide support. The rulings objected to were erroneous and the exceptions to the refusal to receive the evidence offered are sustained.

Marriage is a status which determines the relations between husband and wife. An obligation inherent to this status imposed by law is the duty of the husband to support his wife. This duty is primary and exists though the wife has a separate estate or ability to support herself. 13 R. C. L. 1201 and cases cited. *State* v. *Hill*, 161 Ia. 279; *Moore, Admx.* v. *Copley*, 165 Pa. St. 294. But this duty is not absolute; it is dependent on the ability of the husband —*State* v. *Bartley*, 38 R. I. 414—and may be terminated by the misconduct of the wife. *Gill* v. *Read*, 5 R. I. 343; *The King* v. *Flintan*, 1 Barn & Adol. 227. A husband owes no duty of support to his wife who has abandoned the family home without just cause. *Burns* v. *Burns*, 50 R. I. 129; *Prosser* v. *Prosser*, 51 R. I. 58; *Long* v. *Long*, 52 R. I. 162; *Price* v. *Price*, 75 Neb. 552; *Pearson* v. *Pearson*, 230 N. Y. 141.

The statute on which this prosecution is based, enacted first in 1865 (P. L. 1857-1872, C. 554), is penal and is to be strictly construed. There are two theories of the legislative intent in penal statutes of this character: (1) to protect the State from the expense of supporting the wife as a pauper; (2) to aid the wife in securing the support to which she is entitled. 36 A. L. R. 866 and cases cited.

The chief purpose of these penal statutes, by the weight of the more recent authorities, is, by the fear of punishment, to deter husbands from failing to perform the marital obligation of support. If a wife, by her misconduct, has forfeited her right to her husband's support, a criminal prosecution will not lie to enforce such support. *Commonwealth* v. *Acker*, 197 Mass. 91; *State* v. *Moran*, 99 Conn. 115.

It appears in the evidence that petitions of both the wife and the husband for a divorce had been denied before the criminal proceeding was begun. Although no exception to this evidence was taken by either party, it is advisable to call attention to it as there is to be a new trial.

As the State was not a party to the divorce proceedings, it is not in any way bound or affected by the judgment of the court in those proceedings. *Gill* v. *Read, supra; Rostron* v. *Rostron*, 49 R. I. 292; *State* v. *Bradnack*, 69 Conn. 212; *State* v. *Bartley, supra.*

In a civil case, proof of the facts is established by the preponderance of the evidence; in a criminal prosecution the guilt of the defendant must be proved beyond a reasonable doubt. The facts supporting the criminal prosecution must be proved as in any criminal proceeding.

For the reasons stated the exceptions of the defendant which have been considered are sustained and the case is remitted to the Superior Court for a new trial.

*John P. Hartigan, Attorney General, John J. Cooney, Asst. Attorney General,* for State.

*Waldman & Waldman,* for defendant.