GRAYCE S. D. PARKER *vs.* RAYMOND H. PARKER.

JANUARY 7, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This case is before us on petitioner's bill of exceptions to the denial of her petition for divorce.

The pertinent facts are as follows. On September 12, 1946 the petitioner filed a petition for divorce on the ground of living separate and apart for at least ten years. The respondent filed a cross petition on the same ground. The petitioner then filed a notice of discontinuance of her petition, which was objected to by the respondent, and action on such notice was held in abeyance by the court. On January 13, 1947 the petitioner filed the instant petition, which alleged extreme cruelty, nonsupport and desertion.

It was prosecuted only on the grounds of nonsupport and desertion.

The case was heard in May 1947 on the respondent's cross petition to the original petition and on petitioner's second petition which was dated January 11, 1947. At the conclusion of the evidence the trial justice denied both petitions and also granted petitioner's motion to discontinue the original petition. The case was prosecuted to this court only upon petitioner's exception to the denial of her second petition.

At the hearing on the merits of such petition the evidence as to the respondent's income was conflicting. He testified that he was having a hard struggle to make both ends meet and that in October 1946 his financial affairs were such that, being in need of money, he had refinanced his automobile through a bank and had also borrowed from a finance company. The petitioner's own testimony showed that until 1946 the respondent had been paying her $100 per month; that he had paid direct to the landlord the monthly rent of $65, and also paid the gas and electric bills of $3 to $5 per month; that from January to October 1946 he paid the rent of $65 per month and the gas and electric bills; and that since October 1946 he had made no further payments.

On the issue of desertion, the respondent testified that by mutual agreement he separated from his wife in 1935, but that he continued to visit her and their daughter weekly until sometime in 1941. While he denied that he maintained marital relations with the petitioner during that period, the latter testified that such relations existed during all that time; that since 1941, however, she had not lived with respondent as his wife, although he had occasionally called on her. On this point she testified as follows: "About that time I had pleaded with him to come home so much that I thought the man could decide in six years whether he was going to or not, and I said, 'Well, I shan't keep that up if you don't mean it seriously to come home,' and

I said, 'Then we will have to ask you to come as a friend and I will be very glad to have you come in and see Nancy at any time as a friend.' "

In his decision the trial justice said that petitioner had failed to sustain the burden of proof imposed upon her either as to nonsupport or desertion. · As to the first ground, he stated that there was "definite evidence that she received support from the respondent up until approximately six months of the time of the filing of the new petition, to wit, on the 11th day of January, 1947," and therefore that she had failed to prove nonsupport for at least one year next preceding the filing of the petition. As to the second ground, he decided that there was no evidence of willful desertion.

It has been held by this court that in a divorce case the findings of the trial justice upon conflicting evidence will not be disturbed unless they are clearly wrong. *Biron* v. *Biron,* 71 R. I. 329, citing *Tremblay* v. *Tremblay,* 59 R. I. 401. From a careful examination of the transcript we cannot say that the decision of the trial justice was clearly wrong. He had the opportunity, which we do not have, of seeing and hearing the witnesses and passing upon their credibility. If he believed respondent's testimony as to his financial condition he might well find that until October 1946 respondent had contributed to petitioner's support in accordance with his ability, and consequently that nonsupport for the required statutory period had not been shown.

On the issue of legal desertion it was necessary for the petitioner to establish three elements: (1) an actual cessation of cohabitation for the period specified; (2) the willful intent of the absent spouse to desert; and (3) desertion by that spouse against the will of the other. 12 Words and Phrases (Perm. Ed.) 253. While the testimony shows that the first element was present, and perhaps the second, the trial justice was not clearly wrong in finding that the third element was not established since the petitioner had

signified her intention of breaking off marital relations in 1941, and therefore the cessation of such relations was with her consent and was acquiesced in by the respondent. This would amount to separation by mutual consent. In these circumstances the petitioner was not entitled to a decree for divorce on the ground of willful desertion. *Roy* v. *Roy,* 47 R. I. 81, 84; *Burns* v. *Burns,* 50 R. I. 129, 134.

The petitioner's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*Fergus J. McOsker,* for petitioner.

*Voigt, Wright & Slade, Ernst T. Voigt, Edward J. Plunkett,* for respondent.