ARTHUR HYDE, *Gdn. vs.* HENRY MCCOART *et al.*

JANUARY 21, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J.   This is an appeal from a decree of the superior court denying the motion of one of the respondents to dismiss the bill of complaint on the ground of lack of jurisdiction.

It appears from such bill and an examination of the papers filed in the cause that on April 1, 1952 the complainant Arthur Hyde, guardian of the person and estate of Ethel McCoart, filed in her behalf a petition for divorce from bed and board against Henry McCoart, one of the respondents herein.   The original return day was the first Monday in May, which was later changed to the first Monday in June.   No service was made of any citation in the divorce action or of an accompanying motion seeking temporary allowance for the wife and her two minor children.

On May 20, 1952 complainant filed the instant bill of complaint against the husband Henry McCoart, who is stated therein to be formerly of the city of Pawtucket but whose whereabouts are unknown, and against respondent Annie Black, of Boston, Massachusetts. After setting forth the facts relating to the commencement of the divorce proceeding, complainant alleges that great diligence was exercised by the sheriff in attempting to make service of the citations in the divorce action, but without avail. The complainant also alleges that he is without funds to pay for the support of his ward, who is in a mental hospital, or for that of her two minor children.

The bill further alleges that respondent Henry McCoart on March 28, 1952 conveyed to respondent Annie Black certain real estate located in said Pawtucket; that there was no consideration for such conveyance; that it was made for the purpose of depriving the wife and children of support; and that complainant fears respondent Annie Black will convey or encumber said real estate so that there will be no funds available for the support of the wife and children. The bill asks for an injunction against both respondents to prevent either of them from conveying or encumbering the real estate above mentioned, for the appointment of a receiver to hold and later to sell the same, and to pay to complainant from the proceeds thereof a weekly sum for the support of his ward and her children.

Upon the filing of the bill a restraining order was granted as requested and subpoenas issued returnable June 4, 1952, which were neither served nor return made thereon. On August 26 new subpoenas were issued returnable September 17. In the case of respondent Henry McCoart the subpoena was returned *non est inventus.* In the case of respondent Annie Black it was not served and no return was made thereon. New subpoenas were then issued returnable October 29, 1952. A return of *non est inventus* was again made on the subpoena issued to respondent Henry McCoart,

but the one issued to respondent Annie Black was served on her in Massachusetts on October 5, 1952.

Although respondent Henry McCoart had never been served with process either in the divorce action or in the instant cause, a preliminary injunction was entered on October 29, 1952 enjoining both respondents from conveying or encumbering the real estate above referred to, appointing a receiver to collect the rents thereof, and authorizing him to apply for leave to sell said property.

The respondent Annie Black subsequently entered a special appearance and on November 29, 1952 filed a motion to dismiss the bill of complaint for want of jurisdiction. The trial justice conditionally denied this motion, gave the complainant further opportunity to obtain an order for service by publication in the divorce action, and stated that the bill would be dismissed only if such action was not taken by complainant.

In accordance with that decision the following decree was entered on April 17, 1953: "1. If the complainant within ten (10) days hereof obtains a new return day in Divorce No. 59971 and an order of service by publication therein and proceeds with said publication in accordance with the terms of said order prior to the said return day, the motion to dismiss is hereby denied. 2. In the event the complainant does not proceed as set forth in paragraph 1 hereof, the respondent is granted permission to move for formal dismissal of the bill of complaint."

On the same date an order was secured in the divorce action for service on the husband by publication. The respondent Annie Black thereupon duly filed the instant appeal from the entry of the decree of April 17, 1953. Her reasons of appeal are six in number, but primarily she relies on her contention that the court was without jurisdiction to enter the decree appealed from.

In our opinion the question of the court's jurisdiction in the instant cause is dependent upon the status of the divorce

action at the time of the filing of respondent Annie Black's instant motion to dismiss. Jurisdiction to control the property of respondent Henry McCoart must be based on jurisdiction over him as the respondent in the divorce action. In this state there is no basis under any general equity powers apart from divorce proceedings for applying the property of a husband for the support of his wife and children, and for enjoining its transfer, and appointing a receiver to hold it prior to such application. In the instant cause complainant seeks to reach the real estate involved on the theory that it was fraudulently conveyed and is still actually the property of Henry McCoart, respondent in the prior divorce action.

In *Brown* v. *Brown*, 48 R. I. 420, a petition for divorce *a vinculo*, this court held that alimony is incidental to and contingent upon a divorce and that the procedure to obtain it is equitable in its nature and ancillary to the original proceeding for divorce. And apparently since the decision in *Battey* v. *Battey*, 1 R. I. 212 (1845), the same principle as to allowances applies in divorces *a mensa et thoro*. We see no reason to differentiate in this proceeding between petitions for absolute divorce and petitions for divorce from bed and board.

It is clear from the above facts that in the instant cause there was no valid divorce proceeding pending at the time of respondent Annie Black's motion to dismiss; that no service, either personal or by way of publication, had ever been made on respondent Henry McCoart; and that without service the court could not proceed against him in the divorce action.

Since the court had not acquired jurisdiction over the respondent husband in the divorce action and since the instant bill of complaint must, in accordance with our previous decisions, be considered as ancillary to and dependent thereon, it follows that it had no jurisdiction either to hear and determine the issues involved in the bill of complaint or to enter the decree appealed from. In the circum-

stances appearing herein, respondent Annie Black's motion to dismiss should have been granted.

The appeal of the respondent Annie Black is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for entry of a new decree denying and dismissing the bill of complaint.

CAPOTOSTO, J., dissenting. I am unable to concur in the conclusion reached by the majority of the court. Briefly stated, my reasons for dissenting are as follows. In construing a decree or order of determinative force in an equity cause which is here on appeal, the true meaning, force and effect thereof is not to be disregarded merely because of inapt or superfluous language used in expressing the mandate of the court.

In my judgment the real import of the decree presently under consideration amounted to nothing more than a continuance for a specified time of the motion of respondent Annie Black to dismiss the bill of complaint in order that complainant might have an opportunity to obtain an order for service by publication on Henry McCoart, the respondent in the divorce case, thus equitably protecting the rights of all parties in interest. Reading the decree as a whole I construe it to mean that if at the expiration of the time therein specified no further action was taken by complainant in the divorce case the court would *then* deny and dismiss the present bill.

I am therefore of the opinion that the trial justice, notwithstanding some confusing language in the decree, intended to and did continue for ten days the final disposition of the motion of the respondent Annie Black to dismiss the bill for want of jurisdiction; that so construed the decree is interlocutory and in essence not final, as required under our well-established practice for an appeal in equity to this court; and that therefore the decision of the trial justice was without error.

Flynn, C. J., concurs in the dissenting opinion of Mr. Justice Capotosto.

*William R. Goldberg,* for complainant.

*Temkin & Temkin, Alexander G. Teitz,* for respondent Annie Black.