## Marie E. Rotondo *vs.* Ralph C. Rotondo.

August 17, 1956.

Present: Flynn, C.J., Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is a petition for divorce from bed and board on the grounds of extreme cruelty and neglect to provide. In the superior court the trial justice denied and dismissed the petition but ordered the respondent to pay the petitioner support pending the determination of the action. The case is before this court on certain exceptions to the decision prosecuted respectively by the petitioner and the respondent.

The following facts appear from the record. The parties were married on June 13, 1953. They received shower and wedding gifts amounting to approximately $3,500 and these funds were deposited in a joint savings account in the names of petitioner and her mother. About three weeks after their marriage they quarreled and separated, but later became reconciled. However, after another quarrel they finally separated and have not lived together since September 19, 1953.

On February 16, 1955 petitioner filed a petition for divorce

from bed and board, which contained prayers for separate maintenance, use of household furniture, and counsel and witness fees. On the same date she also filed a motion for temporary allowance, counsel fees and medical expenses, but a hearing was not held on this motion until the case was heard on its merits in the superior court.

The trial justice in a decision filed July 8, 1955 found that respondent was not guilty of extreme cruelty, mental or physical; that petitioner's refusal to live with her husband was not justified; and that respondent did in fact fail and neglect to support her during the period charged, he being of sufficient ability so to do, but that respondent is excused in law from providing such support because petitioner was living apart from him without justifiable cause.

The decision further reads in part as follows: "Concerning the motion for support etc. the evidence is that respondent has no property of any kind and no income whatsoever. Respondent, however, is able-bodied and undoubtedly can earn income. The fact that respondent is continuing in school is, in my opinion, no valid excuse in law for him to fail to support his wife *while this case is pending*. He is able to work and should find work. Respondent is ordered to pay to petitioner, beginning July 6, 1955, for her support pending the determination of this suit, the sum of $20.00 per week, said payment to be secured by a lien on respondent's funds as prayed. I find that petitioner has ample funds of her own to pay counsel and witness fees. Concerning the claim for hospital and medical bills, petitioner was living apart from respondent without just cause when these bills were contracted. Therefore he has no duty to pay them and the prayer by petitioner to require respondent to pay such bills is denied and dismissed." (italics ours)

The petitioner's bill of seven exceptions is to that part of the decision denying and dismissing her petition. She has expressly waived the first and fifth exceptions, and all other exceptions which were neither briefed nor argued are

deemed to be waived. In his decision the trial justice carefully reviewed the testimony relating to petitioner's alleged ground of extreme cruelty. He also found that "there is absolutely no direct proof, nor can it fairly be inferred that the alleged misconduct was cruelly calculated to cause, and did in fact cause, impairment of petitioner's health," citing *Bastien* v. *Bastien*, 57 R. I. 176. He concluded that since there also was practically a complete absence of physical cruelty petitioner had failed to make out a case of extreme cruelty.

The petitioner's principal contention is that the trial justice erred in deciding that she was living separate and apart from respondent without just cause. A repetition of the evidence will serve no useful purpose since respondent did not dispute it on this point. The trial justice found as a fact that the respondent made several attempts after the alleged desertion to communicate with her; that she admitted she wanted nothing further to do with him; that she refused to talk with him or to become reconciled; and that on all the evidence petitioner's conduct constituted acquiescence in the desertion. The trial justice further stated that he accepted as true respondent's version of the final separation of September 19, 1953; that petitioner was not frank in testifying; and that it appeared to him that respondent was honest and direct in his testimony.

We are of the opinion that, assuming without deciding that respondent was guilty of desertion originally, there was sufficient testimony to justify the findings of fact by the trial justice as to the wife's acquiescence therein. On the conflicting testimony, the appearance and conduct of the parties and their witnesses were of great assistance in weighing the evidence and in determining the questions of fact. From our examination of the record we cannot say that the trial justice was clearly wrong in his findings as to this issue, or that he misconceived the evidence or misapplied the applicable law in deciding that from September 19, 1953 peti-

tioner was living separate and apart from respondent without just cause. This being so she was not entitled to support from him. *Burns* v. *Burns,* 50 R. I. 129, 131; *Hurvitz* v. *Hurvitz,* 44 R. I. 478; *State* v. *Downing,* 54 R. I. 455, 456; *Long* v. *Long,* 52 R. I. 162, 163. All of the petitioner's exceptions are overruled.

We shall now consider respondent's single exception to the decision ordering him to pay petitioner, beginning July 6, 1955, the sum of $20 per week for her support pending the determination of this case, said payments to be secured by a lien on respondent's funds as prayed. The respondent contends that after the superior court had denied and dismissed the petition for divorce it had no jurisdiction to make said order, citing *White* v. *White,* 70 R. I. 48, and *Ash* v. *Ash,* 50 R. I. 1. On the other hand the petitioner contends that the trial justice acted within the authority and jurisdiction conferred upon the superior court by general laws 1938, chapter 416, §14, and chap. 496, §§6, 25; and that the superior court's jurisdiction had not ended for all purposes.

It is clear that if no exception had been prosecuted in this case within the statutory period, the decision of the trial justice would have become final, the jurisdiction of the superior court over this case would have ceased, and the support order would be invalid. *Ash* v. *Ash, supra; White* v. *White, supra.* In the latter case the problem presented was under the first portion of chap. 416, §14, which had to do with the power of the superior court to regulate the custody and provide for the education, maintenance and support of children of all persons by it divorced or petitioning for divorce. In that case this court was confronted with an order of the superior court concerning the custody and support of children *after* that court had denied and dismissed the petition for divorce, and we stated at page 55: "Of course, if a bill of exceptions is prosecuted, such jurisdiction continues *ex necessitate,* for the purpose of enabling the superior court

to make such interlocutory orders as may be necessary pending final disposition of such exceptions. In the instant case the attempted action of the superior court appears to have been not interlocutory but final."

In the case at bar the order for support was by nature and by express terms not final as in the *White* case, *supra*. It was interlocutory, since it merely ordered temporary support pending the determination of the case on exceptions. Since proceedings in divorce are purely statutory and since bills of exceptions were duly prosecuted by both parties, it follows that the jurisdiction of the superior court did not cease for all purposes the instant the petition for divorce was denied, but it continued for certain interlocutory purposes including authority to order support *pendente lite* under G. L. 1938, chaps. 416 and 496. See *White* v. *White, supra*.

In the instant case there was a motion for temporary support and it was granted at the time of the decision for the period during which the case was pending, thus distinguishing it from *De Robbio* v. *De Robbio,* 61 R. I. 208, 212, where no such motion was made. As indicated by the trial justice in his decision the order for temporary support was based on this motion, thereby making his action and finding consistent with the reasoning in the *De Robbio* case where this court in referring to what is now G. L. 1938, chap. 541, §4, stated: "Conceding the jurisdiction of the superior court, as urged, and its power, in a proper proceeding, to make necessary orders to protect the rights of parties pending the determination of an appeal from a decree entered in that court, the sufficient answer to the respondent's contention is that no such order was requested by her or entered by the court. Nor was any motion made before us to place any conditions or qualifications upon the appeal pending its determination."

All of the exceptions of the petitioner and the exception

of the respondent are overruled, and the case is remitted to the superior court for further proceedings.

*James L. Taft, Bernard P. Campbell,* for petitioner.

*Isidore Kirshenbaum,* for respondent.