JULIA E. WHITCOMB *vs.* ROBERT A. WHITCOMB.

JULY 9, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

Condon, J. This is a wife's petition for divorce from bed and board on the grounds of her husband's neglect to provide for her subsistence, his extreme cruelty toward her, and willful desertion of her for more than five years last past before the filing of her petition. After a hearing on the merits in the superior court the trial justice denied and dismissed the petition. The case is here on the petitioner's exception to such decision. All her other exceptions being neither briefed nor argued are deemed to be waived.

The trial justice found that petitioner had failed to prove by a fair preponderance of the evidence that she had made a bona fide offer to return to live with respondent after the superior court's denial of an earlier divorce petition in 1950. Consequently he held that she had not established the charge of desertion.

As to the charge of neglect to provide he found that respondent was able to provide for his wife and that he clearly failed to do so. However, the trial justice noted that respondent claimed he was under no legal obligation to support his wife after March 1948, because she had in effect left him at that time and thereafter did not return or offer to return to live with him. He further noted that there was a conflict in the testimony on this point and he held that petitioner's evidence thereon did not preponderate in her favor. He found that she had not made a bona fide offer to return to respondent until January 1954. As a con-

sequence he held that respondent's obligation to support her was not revived before that date and therefore she had not proved his neglect to provide for her for one year next before the filing of her petition on September 8, 1953.

The petitioner contends that the trial justice erred in denying her petition on each ground. She insists that the evidence proves that she was free from fault in the separation of March 1948 which resulted from respondent being required at that time to leave her mother's home where they had been living. Moreover, she claims that the evidence shows he did not have a suitable and proper place for her to reside with him, that he did not offer to provide such a place, and that it was not her duty to return or offer to return and live with him. Therefore petitioner contends that she was free from fault and relies in support of her position principally on the law as stated in 1 Nelson on Divorce (2d ed.), §4.10, p. 80, §4.26, p. 118, and §4.34, p. 131.

On the other hand respondent contends that the trial justice's decision is clearly supported by the evidence. It appears therefrom that the parties were married on November 9, 1946 at Fort Bragg, North Carolina, while he was in the armed forces. After his discharge from the service in April 1947 he went to live with petitioner at her mother's home in Providence. The parties lived there harmoniously until on or about March 25, 1948 when respondent came home from work and found his personal belongings packed in some cartons which had been placed in the kitchen. In the closet where he kept his clothes he found his wife's sister's clothes. He testified that he asked his wife what she wanted to do and that she said she did not care what he did or where he went so long as he paid her some money. She also told him that he had to leave because her brother was coming home from college for two weeks and room had to be made for him. As a result, respondent left and went to live at a summer cottage in Chepiwanoxet, Warwick,

Rhode Island, which petitioner and he had previously purchased.

The petitioner refused to live there with respondent because she claimed the accommodations were not suitable. However, during 1948 respondent had improved the cottage considerably. He installed a central heating furnace, a new sink, and new plumbing and bathroom fixtures. He also built a cellar under the house, insulated some of the walls, and rewired it completely. He testified that petitioner called at the cottage in 1951 but evinced no desire for them to get together again and she did not request him to resume marital relations until sometime in January 1954.

Whether respondent was justified in living apart from petitioner and refusing to provide for her subsistence was a question of fact to be determined by the trial justice. In the circumstances it was her duty to prove by a fair preponderance of the evidence that she was not at fault and that respondent's obligation to support her continued notwithstanding his departure from her mother's home and her refusal to go with him. The trial justice resolved the conflicting testimony on this point adversely to her. Unless he overlooked or misconceived the evidence on some important point or unless he was clearly wrong in weighing the evidence and coming to the conclusion which he did, his decision will not be disturbed. *Parker* v. *Parker,* 75 R. I. 27. After a careful examination of the transcript we are unable to say that he erred in either respect.

The law is well settled that, as stated in 1 Nelson on Divorce (2d ed.), §4.24, at page 116: "Where the parties are living with the parents of one of them, who order the other spouse to leave, the departure is at least not due to fault on the part of the spouse thus evicted, and cannot, of itself, make him or her a deserter." In the instant case the trial justice was of the opinion that petitioner had failed to prove that respondent's departure was due to his fault and further that she had failed to prove that she was

free from fault. It was her duty, therefore, to return or offer to return to her husband in order to re-establish her position as the innocent party to the separation. Her continued refusal to live with him constituted an abandonment by her of the family home which he had established, unless she could show that the home was not reasonably clean and comfortable or was unsuitable for one in his station in life to provide for his wife. 1 Nelson on Divorce (2d ed.), §4.10, p. 80; §4.34, p. 131. "A husband owes no duty of support to his wife who has abandoned the family home without just cause." *State* v. *Downing,* 54 R. I. 455, 456.

The trial justice found that petitioner had refused to return or to offer to return to respondent until January 1954. He also found that she had failed to prove that the accommodations which he had provided in the cottage at Chepiwanoxet, at least after he had made the improvements therein in 1948, were not reasonably suitable. Since we cannot say those findings were clearly wrong, it follows that respondent's neglect to provide for her subsistence after January 1954 was not of such duration as is required by general laws 1938, chapter 416, §§2, 8, to constitute a ground for divorce from bed and board. Hence the trial justice did not err in denying her petition.

The petitioner's exception is overruled, and the case is remitted to the superior court for further proceedings.

FLYNN, C. J., did not participate in the decision.

*Wilfrid E. McKenna, Bernard P. Campbell,* for petitioner.

*Edward Bromage, Jr.,* for respondent.