265 A.2d 436.

ELIZABETH J. THAYER *vs.* JOHN B. THAYER, JR.

MAY 15, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J.   On July 3, 1969, John B. Thayer, Jr., respondent, filed a motion for leave to file a petition for a writ of certiorari to review and stay all orders entered by the Family Court after a hearing in that court on June 27, 1969.   On July 31, 1969, we granted the respondent's motion in part.[1]   In ordering the writ to issue we denied the respondent's request for a stay, except with respect to his wife's counsel fee, which the Family Court had ordered the respondent to pay.

The record discloses the following pertinent facts.   On October 31, 1967, Elizabeth J. Thayer, hereinafter sometimes referred to as petitioner, filed in the Family Court a petition for absolute divorce against her husband John B. Thayer on the grounds of extreme cruelty.   She filed with the petition a motion for temporary orders for the support of herself and minor children, for custody of the children, for use and occupancy of the family domicile and furnishings, and for a reasonable counsel fee to her solicitor.   Citations were issued on both the petition and the motion, and were made returnable to the Family Court

---

[1]We granted the writ because of respondent's allegation that the Family Court acted in excess of its jurisdiction.   *White* v. *White*, 70 R. I. 48, 36 A.2d 661.

on November 10, 1967. The respondent through his counsel entered a general appearance in the Family Court.

On December 4, 1968, respondent filed a motion for a bill of particulars, and, on December 11, petitioner filed a notice of discontinuance. Thereafter, on February 14, 1969, the Family Court entered an order denying petitioner's motion to discontinue and granting respondent's motion for a bill of particulars. The petitioner was given 30 days within which to file the bill of particulars. The petitioner never furnished the bill of particulars, and neither the divorce petition nor the motion for temporary orders was heard.

On June 17, 1969, petitioner filed a motion to assign her motion for temporary support for hearing on June 27, 1969. On June 20, respondent filed a motion to dismiss petitioner's motion on the ground that she had failed to file her bill of particulars in accordance with the February 14, 1969 order, and respondent also moved to assign such motion for hearing on June 27. Then on June 25, petitioner filed a motion to amend her petition for absolute divorce to one for separate maintenance "in the form annexed hereto and made a part hereof." She attached an unsigned petition entitled "Petition For Relief Without Commencement of Divorce Proceedings." This petition, which was obviously filed under G. L. 1956, §15-5-19, alleges (1) that a cause, willful desertion, was in existence which if continued would be a cause for divorce, and (2) that petitioner had no property of her own available for the purpose of enabling her to prosecute her petition. She prayed that the court (1) award her an allowance to enable her to prosecute the petition, (2) assign her a separate maintenance out of the estate of her husband, (3) regulate the custody and provide for the education, maintenance and support of their minor children, and (4) restrain respondent from interfering with her personal lib-

erty. The motion to amend contained no motion to assign to a day certain.

On June 27, 1969, a justice of the Family Court heard petitioner's motion to amend, over respondent's objection, together with her motion for temporary orders and respondent's motion to dismiss. The trial justice denied respondent's motion to dismiss. He granted petitioner's motion to amend her petition from one for absolute divorce to one for relief without the commencement of divorce proceedings, and he permitted her to proceed on June 27, 1969, with her motion for temporary orders. The respondent excepted to the last two rulings. An order embodying the trial justice's rulings was entered on July 1, 1969. Thereafter, on July 3, 1969, respondent filed his motion for leave to file a petition for certiorari requesting this court to review the legality of the rulings contained in the order entered on July 1, 1969.[2]

I

The respondent's first contention is that the trial justice had no jurisdiction to grant petitioner's motion to amend her petition from one for absolute divorce on the grounds of extreme cruelty to one for relief without the commencement of divorce proceedings on the ground of willful desertion. We do not agree.

Admittedly, under the laws of this state divorce proceedings are purely statutory. *Warren* v. *Warren*, 36 R. I. 167, 185, 89 A. 651, 658.

Prior to October 1, 1954, the effective date of P. L. 1954,

---

[2]The record also contains an order dated August 5, 1969, which was filed in the Family Court on the same date. That order grants the prayers of petitioner's motion, for temporary orders, heard in the Family Court on June 27, 1969.

chap. 3309, sec. 1 (now §15-5-19[3]), there was no basis under any general equity power apart from divorce proceedings for applying the property of a husband for the support of his wife and children. See *Hyde* v. *McCoart*, 82 R. I. 426, 430, 110 A.2d 658, 659-660. The explanatory headnote in chap. 3309, sec. 1, reads as follows:

> "An act for the protection of the marriage status, when domestic disputes arise, by enabling parties to a marriage to petition for maintenance, support of children and relief incident thereto, without the commencement of divorce proceedings, as formerly required * * *."

The respondent contends that under §15-5-19 the petitioning party must file an "original petition" and must follow the procedure set forth by the Family Court. He

---

[3]General Laws 1956 (1969 Reenactment) §15-5-19, reads as follows:

"Orders without filing of divorce petition—Custody of children—Allowances—Separate maintenance.—Whenever either party to a marriage is insane, or whenever a cause is in existence which is, or if continued will be a cause for divorce, the family court, upon the original petition of one of the parties, may restrain either party from interfering with the personal liberty of the other, and may regulate the custody and provide for the education, maintenance and support of the children, if any, and may, in its discretion, make such allowance to the wife, out of the estate of the husband, for the purpose of enabling her to prosecute or defend against any such petition in case she has no property of her own available for such purpose, as it may think reasonable and proper, and may assign to the petitioner a separate maintenance out of the estate or property of the husband or wife, as the case may be, in such manner and of such amount as the court may think proper; which allowance shall be so far regarded as a judgment for debt that suits may be brought or executions may issue thereon for amounts due and unpaid, from time to time, to be shown by affidavits of the person entitled to the same and the attorney of record of such person, such executions to run against the goods and chattels of the husband or wife, as the case may be, and for want thereof against the body; and the court may make all necessary orders and decrees concerning the same and the same at any time may alter, amend, and annul for sufficient cause, after notice to the parties interested therein."

argues that the "petition for relief" filed by petitioner was not an "original petition"; that it arose specifically as a result of her motion to amend the original petition for absolute .divorce; and that it did not even meet the jurisdictional requirement set forth in §15-5-11 providing:

> "Every petition shall be signed and sworn to by the petitioner, if of sound mind and of legal age to consent to marriage * * *."

We do not believe that a resolution of this particular issue requires much discussion. The respondent has pointed to no provision in the statutes, nor to any case decided by this court, indicating a lack of jurisdiction to amend a petition for absolute divorce to one for relief without the commencement of divorce proceedings.  At the hearing below the respondent acknowledged that under the practice in this state the courts having jurisdiction over domestic problems have allowed petitions for absolute divorce to be amended to petitions for bed and board, and vice versa; but he stated that this has been done under statutory authority and, since there is no statutory authority permitting the amendment of petitions for absolute divorce to petitions for relief under §15-5-19, the trial justice lacked jurisdiction to do so in the case at bar.

The fatal defect in this argument is that there is no statutory provision providing for the amendment of petitions for absolute divorce to bed and board petitions, or vice versa.  For many years, under our practice, such changes have been made by our courts, and the legislature has not seen fit to alter the same, notwithstanding the fact that a petition for absolute divorce is a statutory form of action separate and distinct from a petition for divorce from bed and board.  The amended petition in the case at bar seeks less drastic relief than the original petition for absolute divorce.  While it is true that the petition attached to the motion to amend is not an original petition and is neither signed nor sworn, we fail to see

how this can affect the jurisdiction of the Family Court in the circumstances of this case. The petition for absolute divorce was signed and sworn to by the petitioner. The Family Court had jurisdiction of the subject matter and of the parties, and, under §15-5-19, it had the authority to grant the relief prayed for.

## II

The respondent next argues that as a result of the trial justice's action two prejudicial acts occurred: (1) petitioner was allowed to evade the court order requiring her to file a bill of particulars, and (2) by the trial justice's allowing the amendment, petitioner was permitted to abandon her original petition for divorce and to substitute a new and different one. These contentions are lacking in merit. The same result would have occurred had petitioner moved to amend her petition for absolute divorce on the grounds of extreme cruelty to a petition for divorce from bed and board on the ground of desertion, a procedure which respondent conceded below would have been perfectly proper. In the circumstances we fail to see how respondent was prejudiced.

## III

The respondent's final argument is that by granting petitioner's motion to amend the Family Court gave up its jurisdiction to hear petitioner's motion for temporary support. He relies on §15-5-18, which provides:

"After the filing and during the pendency of any petition for divorce, the said court may make such interlocutory decrees and grant such temporary injunctions as may be necessary until a hearing can be had before said court."

The respondent cites *Ash* v. *Ash*, 50 R. I. 1, 144 A. 437, and *Luttge* v. *Luttge*, 98 R. I. 211, 200 A.2d 599, and 97 R. I. 309, 197 A.2d 500. In the *Ash* case this court said:

"Whether the injunction petition and order be regarded as interlocutory or as auxiliary, the dismissal of the petition for divorce, in the absence of any special circumstance appearing in this case, strikes down and vacates all interlocutory orders made in the case and also all proceedings which are ancillary to the main case." 50 R. I. at 6, 144 A. at 438-39.

This language was approved in the two *Luttge* cases.

In our opinion, the Family Court's granting of petitioner's motion to amend did not deprive that court of jurisdiction to hear petitioner's motion for temporary support. The factual situations in *Ash* and *Luttge* are somewhat different from that in the case at bar. In *Ash* the petition for divorce was denied and dismissed, and in *Luttge* the petition for divorce was discontinued. In the case at bar the petition for absolute divorce was *amended* to one for relief without the commencement of divorce proceedings. Also there are special circumstances in the case at bar, because the motion for temporary relief was filed as an independent petition and a separate citation was issued thereon. It was not ancillary to the petition for divorce in the sense that ordinary motions are. Section 15-5-16 provides that the Family Court may:

" * * * regulate the custody and provide for the education, maintenance, and support of children of all persons by it divorced or petitioning for a divorce, and of all persons to whom a separate maintenance may be granted or who may petition for the same; may in its discretion make such allowance to the wife, out of the estate of the husband, for the purpose of enabling her to prosecute or defend against any such petition for divorce or separate maintenance, in case she has no property of her own available for such purpose, as it may think reasonable and proper * * *."

Under §15-5-16, a motion for temporary support is properly before the Family Court if either a petition for divorce or one for separate maintenance is then pending.

For these reasons, we hold (1) that the trial justice did not exceed his jurisdiction in permitting the petition for absolute divorce on the ground of extreme cruelty to be amended into a petition for relief without the commencement of divorce proceedings on the ground of willful desertion, and (2) that his granting of petitioner's motion to amend did not deprive the Family Court of jurisdiction to hear petitioner's motion for temporary support.

The petition for certiorari is denied and dismissed; the writ heretofore issued is quashed; the stay heretofore granted is vacated, and the record certified to this court is ordered returned to the Family Court with our decision endorsed thereon.

*Hinckley, Allen, Salisbury & Parsons, William R. Powers, III,* for petitioner.

*Howard I. Lipsey,* for respondent.