Florence Wain, formerly Florence Barnay, Appellee,
v. John M. Barnay, Appellant.

Gen. No. 25,530.

1. DIVORCE, § 110*—*when modification of decree is improper.* A divorce decree entered in 1905, granting the custody of the children, but making no mention of alimony, could not be amended in 1919 so as to award over $7,000 as alimony, on the basis of $10 per week, which was the amount awarded as temporary alimony during the pendency of the suit; and particularly so in the absence of proof that defendant's financial condition was such that he could pay the sum awarded or any part thereof within the 30 days fixed for its payment.

2. DIVORCE, § 90*—*what is effect of order for temporary alimony.* An order for temporary alimony continues only during the pendency of the action and until the entry of the divorce decree.

3. DIVORCE, § 110*—*what modifications of decree are proper.* Although under section 18 of the Divorce Act (J. & A. ¶ 4233), relating to alterations in the allowance of alimony, a decree for alimony may be modified after the entry of the divorce decree, a decree making no mention of alimony was not so subject to amendment after the term.

4. DIVORCE, § 110*—*what is not basis for modification of decree.* A colloquy relating to the amount of the temporary alimony and as to the defendant's whereabouts, between the court and complainant's counsel occurring at the hearing of a divorce case and 7 days before the entry of the decree for divorce, could not be made the basis of an allowance of permanent alimony nearly 14 years thereafter, where no mention was made for alimony in the decree, and in the absence of showing that the chancellor made any minute or memoranda or that the clerk made any mistake, and where, even assuming that a mistake was probably made, the record contained nothing which would form a basis for the amendment.

Appeal from the Circuit Court of Cook county; the Hon. DAVID M. BROTHERS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Reversed. Opinion filed October 13, 1920.

LYLE, HARROLD, HOOVER & DEVITT, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCXIX 26

PAUL A. NEUFFER, for appellee; O. A. ARNSTON, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

This is an appeal from an order or decree of the circuit court of Cook county, entered May 10, 1919, amending *nunc pro tunc,* on petition and motion filed, a decree of divorce entered September 29, 1905, in favor of complainant; finding that under said decree, as amended, there is due complainant from defendant, John M. Barnay, as permanent alimony, the sum of $7,090, and adjudging that said defendant pay said sum to complainant, or her solicitor, within 30 days.

The bill for divorce, on which the original decree was based, was filed April 3, 1905, and charged defendant with cruelty. Defendant filed an answer denying the charges, but on the hearing which was had on September 22, 1905, defendant was not present and no evidence in his behalf was heard. On behalf of complainant, she and two witnesses testified. Their testimony related almost entirely to the alleged acts of cruelty. She stated that she desired to resume her maiden name and to be awarded the custody of the two minor children. The only references to alimony made by her were the statements that at one time during their married life the defendant "was getting $150 a month," and that if she could have an allowance of alimony "it would help me." As appears from the certificate of evidence of said hearing (filed September 29, 1905, —the same day the original decree was entered), after said three witnesses had testified, the following colloquy was had between the court and complainant's counsel:

"THE COURT: Where is he now?

"COUNSEL: I don't know. We have an alimony order on him that was obtained right after the suit was begun, and we have heard nothing from him since

that time.  *  *  *  Now, what about the amount of alimony, your Honor?

"The Court: That is why I asked the question, to ascertain what he is getting if she knew.

"Counsel: There is an affidavit on file to the effect that he was getting $60 a month when the temporary order for alimony was made.

"The Court: Well, let that order stand for the present; but if you find that he is getting more than that you can come in.

"Counsel: That order was for $10 a week alimony."

Seven days later the original divorce decree was signed by the chancellor and duly entered of record. It was adjudged that the bonds of matrimony theretofore existing between the parties be dissolved, that the care and custody of the two children be awarded to the complainant until the further order of the court, and that the complainant be allowed to resume her maiden name of Florence Wain. No mention was made as to any sum to be allowed complainant as permanent alimony; nor was there any reservation that the question of permanent alimony might be subsequently considered. The last paragraph of the decree is as follows:

"It is further ordered, adjudged and decreed that the defendant pay the costs of this suit and that execution issue therefor."

After the expiration of more than 13 years, on March 21, 1919, upon notice, complainant filed in said court a sworn petition and ·a motion, supported by her affidavit, asking that an order or decree be entered requiring the defendant to pay alimony, in addition to the payments already required to be made by previous orders of the court, and that "existing orders and decrees be changed and reformed so as to provide for such additional payments as to the court may seem fit and equitable." On April 4, 1919, defendant filed a sworn answer to said petition, and, on April 9, 1919,

a sworn answer to said motion, in both of which he questioned the jurisdiction of the court, inasmuch as no provision was made for the payment of any alimony in said final decree of September 29, 1905, to enter any order changing or modifying the terms of said decree, and in which last mentioned answer he denied many of the allegations contained in complainant's petition and affidavit, and stated, in substance, that he did not own any real or personal estate, had no money due him, was not in prosperous circumstances, had recently been able only to make a bare living for himself, was working in Chicago for a New York corporation upon a commission basis, and that his financial condition had not materially changed from that existing when said final decree was entered.

A hearing was held on complainant's said petition and motion on May 9, 1919, before a chancellor other than the one who entered the original divorce decree. It appears from the certificate of evidence that on said hearing there was read to the court complainant's motion, her affidavit in support thereof, defendant's sworn answers to the petition and motion, the original divorce decree of September 29, 1905, and the certificate of evidence that day filed; that the only testimony heard was that of defendant, who, in response to questions asked by complainant's solicitor, testified to the effect that he left Chicago on April 13, 1905, that he had not been in Chicago thereafter until December 16, 1918, when he returned with the intention of remaining; that defendant's solicitor argued that the court was without jurisdiction in this proceeding to amend the original decree as respects the payment of any permanent alimony; and that the court finally said: "I think this woman has been so badly treated that she ought not to be required to go up upon it. If anybody is going up, he ought to go up. This decree ought to be rectified. * * * I am going to enter a judgment now for $10 per week from the time of the hearing of

this case up to this time, upon this certificate of evidence.''

On the following day, May 10, 1919, the court entered the order or decree appealed from. After recitals, it is ordered and decreed that

''The decree heretofore entered in this cause, on, to wit, September 29, 1905, shall be and the same is hereby amended, *nunc pro tunc* as of September 29, 1905, by inserting and including in the last paragraph thereof after the word 'defendant,' the following:

'' 'shall pay to the complainant the sum of ten dollars ($10) per week, the first payment to be made this day, and a like sum each week hereafter, until the further order of this court, as permanent alimony, and also that the defendant    *   *   *'

''And the court further finds that there is due and unpaid under said decree, as so amended, the sum of $7090, which sum the defendant, John M. Barnay, is hereby ordered, adjudged and decreed to pay to said complainant, or her solicitor for her, within thirty (30) days from the date of the entry hereof.''

It is provided in section 18 of our Divorce Act (J. & A. ¶ 4233) as follows:

''When a divorce shall be decreed the court may make such order touching the alimony and maintenance of the wife, the care, custody and support of the children, or any of them, as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just;   *   *   *   And the court may, on application, from time to time, make such alterations in the allowance of alimony and maintenance, for the care, custody and support of the children, as shall appear reasonable and proper.''

By virtue of the provisions of this statute, it has frequently been held that a decree *for alimony* is subject to modification by the court from time to time, even after the lapse of the term at which the decree was entered. (*Welty v. Welty,* 195 Ill. 335, 337; *Barclay v. Barclay,* 184 Ill. 375, 376; *Cole v. Cole,* 142 Ill. 19, 23.) In the case last cited it is said:

"The application for an alteration or modification of the decree is always addressed to the judicial discretion of the chancellor, and, ordinarily, in the absence of fraud in procuring the decree, the inquiry is, in all cases, whether sufficient cause has intervened since the decree to authorize or require the court, applying equitable rules and principles, to change the allowance. The cases cited, and others in this court, construe the statute as authorizing the interposition of the court where the circumstances of the parties have changed since the former order, and as giving the court power, for causes accruing subsequently, to alter and modify the allowance to meet the changed conditions of the party. It is not intended to continue the right to alter or modify the allowance upon the state of case existing when the decree was entered, or to review the action of the chancellor therein. The parties had their day in court, with the right of appeal if the decree was deemed erroneous, and it cannot be supposed that it was intended that the court should sit in review of its own decrees, or that the same or some succeeding chancellor presiding in the same court should, after the lapse of indefinite time, have power to reverse, alter or modify a decree for alimony upon the facts existing at the time of its entry. This we understand to be the uniform holding in this State and elsewhere. Bishop (Marriage and Divorce, vol. 2, sec. 429) says: 'The application for change is founded upon new facts which have occurred since the decree was originally made, and in the absence of new facts the original decree is deemed to be *res adjudicata* between the parties, which, like any other judgment, is not to be disturbed on a further hearing.' "

In *Stein v. Meyers,* 253 Ill. 199, 205, it is said:

"A court has no right to enter a judgment *nunc pro tunc* at a subsequent term unless the judgment was, in fact, rendered at a previous term and was not entered of record through some fault, neglect or oversight. In such case, the fact that the court did give

judgment at the previous term can only be proved by some memorial paper or minute in the case made at such former term.   The judgments and records of courts cannot rest in parol or upon so uncertain a foundation as a personal recollection of the judge or any other person, and the fact that a judgment is rendered at a former term cannot be determined from the memory of witnesses or the personal recollection of the judge himself.   Where there is no minute or memorial paper in the records of the court to show that judgment was, in fact, pronounced, it cannot be so entered.''   (Citing *Coughran v. Gutcheus,* 18 Ill. 390; *Tynan v. Weinhard,* 153 Ill. 598, 604, and other cases.)

In *Hubbard v. People,* 197 Ill. 15, 17, it is said:

''The record in a criminal case may be amended after the term at which it is made has elapsed, by an order of court entered *nunc pro tunc,* when by reason of a clerical misprision it does not speak the truth.''

The same rules are to be applied in chancery cases. (*Lilly v. Shaw,* 59 Ill. 72, 76; *Moore v. Shook,* 276 Ill. 47, 52; *Ernst Tosetti Brewing Co. v. Koehler,* 200 Ill. 369, 372.)   In the case last cited it is said:

''After a term has elapsed a decree may be corrected, on motion, in matters of form or mere clerical errors or misprisions of the clerk, but the court is then without power to change the decision, or to set aside, vacate, modify or annul a decree.   No error of law of any kind will justify revising or annulling a decree at a subsequent term in a summary way on a motion, but relief against it must be obtained by appeal or writ of error if the error is apparent on the face of the record, and if not, by bill of review or bill to impeach the decree for fraud or other sufficient cause.''

Under the facts of the present case, and under the principles above set forth, we are of the opinion that the court erred in entering the decree of May 10, 1919, amending the divorce decree of September 29, 1905, in the manner mentioned, and adjudging that defendant pay within 30 days the sum of $7,090, as permanent alimony due.   In the divorce decree no permanent ali-

mony was allowed and there was no mention or reservation made therein in respect thereto. As to alimony there was nothing to change or modify. It appears that during the pendency of the action, and prior to the entry of the divorce decree, the court had ordered that defendant pay complainant solicitor's fees and $10 per week as "temporary" alimony. But this order as to temporary alimony continued only during the pendency of the action and until the entry of said divorce decree. (1 Ruling Case Law, p. 895, sec. 39.) Counsel for complainant here argues, in substance, that it appears from the original certificate of evidence that during the hearing had on September 22, 1905, the colloquy (above set forth) between the chancellor and complainant's counsel as to alimony occurred; that clearly it was the intention of the chancellor and said counsel that the decree for divorce when entered should contain a provision for the payment of $10 per week as permanent alimony; that the chancellor in effect said that he would allow said amount per week as permanent alimony; that presumably a mistake was made in not incorporating in the decree a provision for permanent alimony; that the colloquy contained in said certificate of evidence constitutes a sufficient memorandum on which to base the amendment; and that, therefore, the decree appealed from should be affirmed. Except the fact that it appears that such a colloquy occurred, we cannot agree with any of counsel's premises or with his conclusion. The amendment to the original decree is one of substance. The original decree was signed and entered of record 7 days after said colloquy occurred. Presumably complainant's solicitor drafted the decree. On its face it apparently is complete. In addition to granting the divorce, it provided for the custody of the children, the right of complainant to resume her maiden name, and for the payment of costs by defendant. It does not appear that on the day the decree

was entered the chancellor made any minute or memorandum, or that the clerk made any mistake. Even on the theory that presumably a mistake was made, there is nothing contained in the record of any actions at the time the decree was entered that would form a basis for the amendment made. Furthermore, on the hearing had on May 9, 1919, there was no proof made that defendant's financial condition was such that he could pay within 30 days the sum, or any substantial part thereof, decreed to be paid.

The order or decree of the circuit court entered May 10, 1919, is reversed.

*Reversed.*

BARNES, P. J. and MATCHETT, J., concur.