**Sara Elizabeth Wood ROSSER,**
**Appellant,**

v.

**Robby Dale ROSSER, Appellee.**

**No. A2696.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

July 29, 1981.

Rehearing Denied Sept. 10, 1981.

that, after the time limits had elapsed, the trial court had no jurisdiction to reinstate a cause of action dismissed under Tex.R. Civ.P. 165a.

The facts are not novel or difficult. Sara Elizabeth Wood Rosser (appellant) and Robby Dale Rosser (appellee) were married on January 27, 1977 and separated on July 5, 1977. On October 24, 1977, appellant filed for divorce. On January 11, 1978, a child named Thomas Scott Rosser was born. Appellee filed a *pro se* general denial on February 21, 1978. Temporary orders providing for custody and support of the child were signed on June 6, 1978. Appellant filed a motion for contempt on October 20, 1978 and a "show cause" hearing was set for November 8, 1978. The record does not reflect whether such hearing took place. No court order was issued as a result thereof. Appellant took took no further action on the case until after its dismissal.

On August 2, 1979, the trial court dismissed the case for want of prosecution pursuant to Tex.R.Civ.P. 165a and local rule 13 of the Family Trial Division of the Harris County District Courts. On January 15, 1980, more than five months after the dismissal, appellant filed a motion to reinstate the cause on the docket. On February 6, 1980, more than six months after the dismissal, the court entered an order granting the reinstatement.

On July 21, 1980, appellant filed a motion for contempt, citing appellee's failure to pay child support accruing *after* the dismissal, and a motion to retain the case on the docket. The motion to retain was sustained by an order signed on the day the motion was filed. On August 15, 1980, appellee filed a plea in abatement stating that the court had no jurisdiction of the case because it was not reinstated within six months after the dismissal for want of prosecution as required by Rule 165a. The court sustained the plea in abatement and refused to entertain appellant's motion for contempt.

Appellant argues (1) the original dismissal order is void because it had the effect of

Donna J. Detamore, Detamore & Detamore, Houston, for appellant.

George A. Young, George A. Young & Associates, Seabrook, for appellee.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from an order sustaining a plea in abatement on the grounds

modifying the child support orders without motion or hearing required by Section 14.-08(a) of the Texas Family Code; (2) the original dismissal is void because it was entered without consideration of the best interests of the child contrary to Section 14.07(a) of the Family Code; (3) the original dismissal is void because it was entered pursuant to local rule 13, which conflicts with Section 14.07(a) of the Family Code and is therefore invalid; (5) local rule 13 was adopted after the suit was filed and, therefore, cannot be applied to this case; (6) the trial court had continuing jurisdiction of the suit even after the dismissal because the suit was one affecting the parent-child relationship; (7) technical rules of procedure should not prevail in suits affecting the parent-child relationship; and (8) the trial court retained jurisdiction of the contempt action whether the underlying cause was active or moot. Appellant goes so far as to say that an affirmance of the trial court action is tantamount to judicial rejection of the parental duty to provide support for minor children. Appellant does not claim that appellee neglected to pay sums due for child support *prior* to the dismissal of the case.

■■ Appellant's arguments concerning the doctrine of continuing jurisdiction in suits affecting the parent-child relationship, the best interests of the child, and conflict with the Family Code are insupportable. Failure to prosecute abandons the suit. 3 McDonald, Texas Civil Practice § 17.18 (1971). Abandonment of a divorce suit eliminates the need for continued enforcement of temporary child custody and support orders, and the basis for continuing jurisdiction in the matter of child support. The doctrine of continuing jurisdiction was never intended to, and does not now, apply to divorce suits dismissed for want of prosecution in which no final determinations of child custody and support were made, and which were not dismissed mistakenly. *See Curtis v. Gibbs*, 511 S.W.2d 263 (Tex.1974); *Boney v. Boney*, 458 S.W.2d 907 (Tex.1970).

■■ We do not agree that the best interests of the child are preserved by re-quiring a hearing prior to dismissal for want of prosecution in a divorce suit. Want of prosecution in divorce cases more strongly indicates reconciliation than continued marital discord. A hearing requirement would place undue strain on the courts and the marital relationship in question. Furthermore, the dismissal rule provides adequate opportunity for a hearing upon motion to reinstate. Appellant's failure to pursue the safeguards provided in the rule does not support her contention that she is protecting the interests of the child. She has waived any right to a hearing on such matters unless she was deprived of the opportunity to file timely motions to reinstate, in which case bill of review is available to her as a means of pursuing her cause. *See Rizk v. Mayad*, 603 S.W.2d 773 (Tex.1980).

■■ We find no conflict between Rule 165a providing for dismissal for want of prosecution and Sections 14.07(a) and 14.-08(a) of the Family Code. Appellant is not prejudiced by our holding. She can re-file her divorce action and seek new child support orders. She may have other remedies, both civil or criminal.

■■ Appellant argues that her attorney of record received no written notice of dismissal. The record reveals that appellant received actual notice of dismissal by January 15, 1980, the day she filed her motion to reinstate. Furthermore, the finality of dismissals under the rule is not affected by failure to mail notices except to extend the time for filing a motion to reinstate beyond the thirty day period set forth in the rule. Tex.R.Civ.P. 165a. The time limits prescribed in Rule 165a are mandatory, and reinstatement orders rendered after expiration of the six months period are void. *Walker v. Harrison*, 597 S.W.2d 913 (Tex.1980). This is the rule even if the motion to reinstate is filed within the applicable time limit. *Harris County v. Miller*, 576 S.W.2d 808 (Tex.1979). In the instant case, the court rendered the reinstatement order after the expiration of the six month period. Such order is void.

Appellant contends that dismissals pursuant to local rule 13 are invalid as against her, because she filed her suit before the local rule was enacted. Appellant's suit was dismissed pursuant to Rule 165a which has been effective since February 1, 1973. Even if local rule 13 did not exist or apply, the dismissal would be valid and proper under Rule 165a.

Upon dismissal, appellee's duty to pay child support pursuant to the temporary orders of the court ceased. Therefore, the court had no grounds for entertaining appellant's contempt motion. The judgment of the trial court is affirmed.

Affirmed.