**Salem**

EDNA PERSINGER SMITH

v.

HOLLIS H. SMITH, SR.

No. 1285-85

Decided April 7, 1987

COUNSEL

J. Gregory Mooney (Michael McHale Collins; Collins, Crackel & Mooney, on brief), for appellant.

Edward K. Stein (Dabney L. Pasco; Alderson & Stein; Kostel, Watson, Snyder & Pasco, on brief), for appellee.

OPINION

**MOON, J.** — Edna Persinger Smith seeks reversal of a trial court decision which held that her right to receive temporary spousal support pursuant to a pendente lite decree was terminated upon the dismissal of the pending divorce suit pursuant to Code § 8.01-335(B), the "five-year rule." Hollis H. Smith, Sr., in his cross appeal, contends that the trial court erred when it awarded his wife arrearages for the amount of unpaid support that had accumulated before the suit was dismissed. We affirm the judgment.

Appellee, Mr. Smith, filed a divorce action against his wife on November 20, 1974. On December 16, 1974, the trial court entered a pendente lite decree requiring Mr. Smith to pay his wife $125 in temporary spousal support every two weeks. He made those payments as ordered until August 30, 1979, the date he retired, when he stopped the payments without first obtaining a modification in the decree. On February 27, 1981, no action having been taken in the case for more than five years, the trial court dismissed the case without notice to the parties pursuant to Code § 8.01-335(B), which provides:

> Any court in which is pending a case wherein for more than five years there has been no order or proceeding, except to continue it, may, in its discretion, order it to be struck from its docket; and it shall thereby be dismissed.

On February 24, 1984, Mr. Smith filed a new bill of complaint, seeking a divorce based on a one-year separation between the parties. On April 8, 1985, Mrs. Smith filed a motion asking the court to award her arrearages of $18,000 in spousal support accumulated since August 30, 1979, and to order her husband to resume paying her $125 every two weeks. On July 3, 1985, the trial court held that when it dismissed the 1974 divorce proceeding on February 27, 1981, the pendente lite support order also terminated. However, the court also held that Mr. Smith was responsible for the spousal support payments that had accrued up until the date it dismissed the case and awarded Mrs. Smith $4,875, representing the principal sum due her from August 30, 1979, to February 27, 1981, the date of dismissal.

Later that day, on July 3, 1985, Mrs. Smith moved the court to reinstate the 1974 divorce suit pursuant to Code § 20-121.1[1] and vacate its decision on arrearages. In a letter opinion of July 17, 1985, the trial court stated:

> [T]he Court is of the opinion that the provisions of . . . [Code § 20-121.1] have no effect on the Court's opinion of July 3, 1985 as it relates to the pendente lite support order.
>
> While it is clear that the substantive issues remaining in this case would make it appropriate to reinstate the case on the docket, to do so would be redundant in this case since a new action has already been filed and in the Court's view, reinstatement *would not* revive the [support award] . . . of the previous pendente lite decree.

(emphasis supplied).

We agree with the trial court's holding that it would have been redundant to reopen the dismissed case because another case was pending in which complete relief could be obtained.[2]

---

[1] Code § 20-121.1 provides:
In any suit which has been stricken from the docket, and in which complete relief has not been obtained, upon the motion or application of either party to the original proceedings, the same shall be reinstated upon the docket for such purposes as may be necessary to grant full relief to all parties.

[2] The parties mistakenly briefed and argued this case as a dismissal under the "two-year rule" of Code § 8.01-335. Because we hold that a pendente lite order does not survive dismissal of the action, we do not consider it necessary to the outcome of the case to discuss

 Whether pendente lite orders survive a case's dismissal appears to be an issue of first impression in Virginia. There are, however, relevant precedents and statutes which aid us in the resolution of this question. Courts have no power to enter a decree of spousal support except pursuant to statutory authority. *See Bray v. Landergren*, 161 Va. 699, 704, 172 S.E. 252, 254 (1934); Code § 20-107.1. Code § 20-103 provides authority for the court to provide for spousal support "during the pendency of the suit." We interpret this grant of authority to be limited to the right to make such award only for the period the action is pending, notwithstanding the wording of the pendente lite decree in this case which provided that the award should continue until "further order of the court." We hold that the order of dismissal by operation of law terminated Mrs. Smith's right to further pendente lite support. *See Wain v. Barnay*, 219 Ill. App. 401, 405-06 (1920); *Heilbron v. Heilbron*, 158 Pa. 297, 301, 27 A. 967, 968 (1893). *Contra Winkel v. Winkel*, 178 Md. 489, 15 A.2d 914 (1940). *See generally* 24 Am. Jur. 2d *Divorce and Separation* § 584 (1983).

Other jurisdictions that have considered this question have uniformly held that when a divorce action is dismissed, the pending orders entered in the case are also terminated. *Wheelock v. Wheelock*, 3 A.D.2d 25, 27, 157 N.Y.S.2d 752, 754 (1956); *Caldwell v. Caldwell*, 189 N.C. 805, 812, 128 S.E. 329, 334 (1925); *Ash v. Ash*, 50 R.I. 1, 6, 144 A. 437, 438-39 (1929); *Rosser v. Rosser*, 620 S.W.2d 802, 805 (Tex. Civ. App. 1981).

Furthermore, we believe that public policy concerns support this rule. Generally, when a divorce action is dismissed under Code § 8.01-335(B), it is for one of three reasons: (1) the parties have resumed cohabitation; (2) another divorce action has been filed simultaneously with the pending action and the relief has been granted in the other action; or (3) the parties continue to live separate and apart. We do not know the percentage of those couples who resume cohabitation or file separate actions, but we assume that the number is not insignificant. If the parties had, in fact, resumed cohabitation, it would be counterproductive to marital harmony for one party in a marriage, supporting the other spouse, to learn that the spouse also was accruing a monthly right to sup-

---

the difference between a "discontinuance" under the two-year rule of Code § 8.01-335(A) and a "dismissal" under Code § 8.01-335(B), nor do we need to consider how Code § 20-121.1 relates to each subsection.

port payments while the parties were living together. Similarly, there would be no social purpose served in allowing a person who had been divorced under another decree or accruing rights in another action to also accrue benefits under an action that had been abandoned, thus obtaining a possible windfall. Furthermore, even if the parties continued to live separate and apart, as soon as a party stopped receiving support payments, the other party could seek support in another action.[3]

█ For the foregoing reasons, we conclude that the least harm would result if, once an action is dismissed, any pendente lite order in the case should also be considered dismissed. We hold, therefore, that the trial court correctly ruled that the pendente lite support award terminated when the divorce action was dismissed pursuant to Code § 8.01-335(B).

█ In his cross-appeal, Mr. Smith contends that the trial court nullified the pendente lite order when it dismissed the action and, therefore, the court erred in awarding arrearages. We find no persuasive authority or reason to hold that the dismissal of an action pursuant to Code § 8.01-335(B), standing alone, retroactively nullifies the right to accrued spousal support under a pendente lite order. To so hold would be in derogation of the well established principle that court-ordered support becomes vested when it accrues and the courts are without authority to make any change with regard to arrearages. *See Cofer v. Cofer*, 205 Va. 834, 839, 140 S.E.2d 663, 666 (1965). Furthermore, a dismissal under Code § 8.01-335(B) requires no notice to the parties, *Nash v. Jewell*, 227 Va. 230, 234, 315 S.E.2d 825, 827 (1984), and, thus, for us to hold that the right to the amount of support that had accrued could be taken away by dismissal of the action would be in violation of the due process clause of the fourteenth amendment to the United States Constitution. *Fuentes v. Shevin*, 407 U.S. 67, 80-81 (1972) (due process, at a minimum, requires notice and the right to be heard). Accordingly, we hold that the trial court correctly awarded arrearages for the amount of spousal support that ac-

---

[3] The present case falls within this last category. However, Mrs. Smith is in no position to complain. Her husband stopped paying her in 1979, two years before the dismissal, and she waited until 1984 before attempting to enforce the 1974 pendente lite order. This length of time does not affect her right to collect any arrearages she may be entitled to, however, since laches is not a bar in collecting arrearages. *See Johnson v. Johnson,* 1 Va. App. 330, 332, 338 S.E.2d 353, 354 (1986).

crued during the pendency of the first action.

This court will not consider the question concerning the refusal of the court to award interest on the arrearages because the objection was not "stated together with grounds therefor at the time of the ruling." Rule 5A:18.

Therefore, the decision is affirmed.

*Affirmed.*

Koontz, C.J., and Hodges, J., concurred.