# CIRCUIT COURT OF THE CITY OF ROANOKE

Barbara Blankenship Ward

    v.

Burley Benjamin Ward

March 13, 1990

Case No. CH65008489-01

By JUDGE CLIFFORD R. WECKSTEIN

    The question presented in this case is whether a 1973 order discontinuing this case from the docket terminated the defendant's obligations to make child and spousal support payments under a 1967 order.

    This question first was raised at a hearing held on February 6, 1990. At that time, I expressed a tentative conclusion and invited counsel to submit argument and authorities in writing. After reviewing the submissions of counsel and the decided authorities, I have reached a legal decision contrary to my earlier tentative conclusion.

    A review of the procedural history of this case is in order.

    This suit for divorce was filed on October 15, 1965. The defendant, Burley Benjamin Ward, was personally served on October 19, 1965. *Pendente lite* support orders were entered by the Honorable Richard T. Edwards, Judge of the Hustings Court for the City of Roanoke, on October 26, 1965, November 23, 1966, and January 18, 1967. The last order directed Mr. Ward to pay to Mrs. Ward "the sum of $75.00 on the 1st day of December, 1966, and a like sum of $75.00 on the 1st and 15th days of each succeeding month thereafter until the further order of this Court for the support of Barbara Blankenship Ward and the three infant children: David Ward, Patricia Ward, and Colleen

Ward." The Court directed that those payments be made through the Juvenile and Domestic Relations District Court for the City of Roanoke.

On April 18, 1973, the Clerk of the Hustings Court of the City of Roanoke gave notice, pursuant to the provisions of Virginia Code § 8-154 (now Code § 8.01-335), of proposed dismissal on May 7, 1973, at 10:00 a.m. This notice went to Mrs. Ward's attorney of record, Robert W. Spessard, and to Mr. Ward at his address in Chesapeake, Virginia. (Mr. Ward was not represented by counsel.) There is no indication in the record that anyone appeared to oppose discontinuance.

An order of record in Hustings Court Chancery Order Book 61, at page 855, was entered on May 7, 1973, by the Honorable Ernest W. Ballou, who succeeded Judge Edwards as Judge of the Hustings Court. By that order, the cause was discontinued, under Code § 8-154, on the basis that no order or decree (except to continue the matter) had been entered for more than two years.

On July 1, 1973, all Courts of record (including the Hustings Court of the City of Roanoke) became Circuit Courts. In 1987, I succeeded Judge Ballou.

On November 1, 1988, on motion of Mrs. Ward, this cause was reinstated upon the docket. After various proceedings (not relevant to this opinion), an *ore tenus* hearing was held on February 6, 1990, at which the parties were present with their attorneys.

Both parties agree that no support payments were made through the Juvenile and Domestic Relations Court. Upon conflicting testimony, the Court found that Mr. Ward failed to make any of the payments due under the order entered January 18, 1967. (Mr. Ward concedes that he deliberately failed to make court-ordered payments. The factual controversy was limited to whether Mr. Ward made *any* payments after November of 1966.)

One of the questions then presented was the amount in which Mr. Ward is in arrears in the payment of spousal and child support. Mrs. Ward argues that the arrearage should be calculated by multiplying the number of months in which this unitary support payment was not made, beginning in December of 1966 and ending at the time the Court made a new support order. Mr. Ward argues that his obligation to make periodic support payments under the 1967

order terminated in May of 1973, when this case was discontinued.

Mr. Ward relies upon the judgment of the Court of Appeals of Virginia in *Smith v. Smith*, 4 Va. App. 148, 354 S.E.2d 816 (1987). Mrs. Ward argues that Smith is factually inapposite and distinguishable; that it deals with spousal support, and not child support; that the Virginia appellate courts have zealously hewed to the proposition that, once a child support payment is due, the obligation is fixed and finally determined and cannot thereafter be modified by the Court; that the best interests of the minor children require that noncustodial parents be required to fulfill their obligations to support minor children; and that Mr. Ward, having willfully refused to make the court-ordered support payments, does not seek equity with clean hands and thus cannot be heard to say that his court-ordered obligation terminated before the present proceedings were commenced.

At the February 6 hearing, I expressed the tentative view that Mrs. Ward was correct and that Smith should be distinguished on the basis that it is child support which is in issue in this case. (The unitary award made by Judge Edwards of course includes spousal and child support. Both parties agree that, at this late date, this Judge cannot allocate Judge Edwards' order between child and spousal support.)

I now have had the opportunity to reread the cases upon which Mrs. Ward, and the Court, relied at that hearing. *See, e.g., Carper v. Carper*, 228 Va. 185, 319 S.E.2d 766 (1984); *Richardson v. Moore*, 217 Va. 422, 229 S.E.2d 864 (1976); *Fearon v. Fearon*, 207 Va. 927 (1967); *Cofer v. Cofer*, 205 Va. 834, 140 S.E.2d 663 (1965); *Newton v. Newton*, 202 Va. 515, 118 S.E.2d 656 (1961); *Gloth v. Gloth*, 154 Va. 511, 153 S.E. 879 (1930). I also have reviewed each of the applicable cases cited in those opinions. And I have, of course, considered the arguments of counsel.

In this review of the decisions of the Virginia Supreme Court, I have discovered no case in which our Supreme Court had occasion to consider arrearages under a *pendente lite* child support order; I have found no cases procedurally similar to the case at bar.

In *Smith v. Smith*, the Court of Appeals dealt with arrearages under a *pendente lite* spousal support award.

In that case, as in the present case, the divorce suit had been removed from the docket under Code § 8.01-335. (In *Smith*, the case had been "dismissed" under the "five-year rule" of Code § 8.01-335, rather than "discontinued" under the "two-year rule" provisions of § 8.01-335's predecessor. I am of the opinion that this is a distinction without a difference, under the circumstances of this case. *See Smith, supra*, 4 Va. App. at 150-51, n. 2).

In *Smith*, the Court of Appeals "conclude[d] that the least harm would result if, once an action is dismissed, any *pendente lite* order in the case should also be considered dismissed." The Court held, "therefore, that the trial court correctly rules that the *pendente lite* support award terminated when the divorce action was dismissed pursuant to Code § 8.01-335(B)." *Id*. at 152. A *pendente lite* order, the Court held, "does not survive dismissal of the action." *Id*. at 150-51, n. 2, notwithstanding the fact that the *pendente lite* order (like that in the case at bar) provided that the award should continue "until further order of the court." *Id*. at 151.

I have read and considered all but one of the cases cited by the Court of Appeals in *Smith*. (The reports of the Illinois Court of Appeals were not available to me, so I have not read *Wain v. Barnay*, 219 Ill. App. 401 (1920)). Only one of these cases dealt with child support, *Rosser v. Rosser*, 620 S.W.2d 802 (Tex. Civ. App. 1981). In Rosser, the Texas Court of Civil Appeals said this:

> Appellant's arguments concerning the doctrine of continuing jurisdiction in suits affecting the parent-child relationship, the best interests of the child, and conflict with Family Code are insupportable. Failure to prosecute abandons the suit. [Citation omitted]. Abandonment of a divorce suit eliminates the need for continued enforcement of temporary child custody and support orders, and the basis for continuing jurisdiction in the matter of child support. The doctrine of continuing jurisdiction was never intended to, and does not now, apply to divorce suits dismissed for want of prosecution in which no final determinations of child custody and support were made and which were not dismissed mistakenly.

*Id.*, 620 S.W.2d at 804.

Though the rest of the cases cited by the Court of Appeals in Smith dealt with alimony or interlocutory injunction, many of them also involved parties who had minor children born of their marriage.

No case has been cited to me, and I have found none, in which any Court has held that dismissal of a divorce suit does not terminate a *pendente lite* child support order. Upon reflection and consideration, I cannot conclude that any of the prior Virginia cases would indicate that the *Smith* court would have reached a different result if the *pendente lite* support were child support, or unitary support, rather than spousal support.

Therefore, upon mature consideration of the arguments and authorities, I am impelled to the conclusion that *Smith v. Smith* governs, and, therefore, that the discontinuance of this suit in 1973 terminated Mr. Ward's obligations to pay in accordance with the 1967 order.

Counsel may perform the calculations necessary to determine the precise amount of the arrearages which accrued prior to discontinuance of the case.