# Jacqueline F. Duke

### v.

# Rosa Whitby Duke, et al.

Record No. 890813

April 20, 1990

Present: All the Justices

*Katherine Carruth Link (Nelson, McPherson, Summers & Santos*, on brief), for appellant.
*Halbert T. Dail* for appellee Rosa Whitby Duke.
No briefs or arguments for appellees Michael L. Davenport and Patricia S. Davenport.

JUSTICE COMPTON delivered the opinion of the Court.

This is an appeal of a decree in a creditor's suit brought to subject real estate to the payment of support arrearages. The sole issue is whether an order to pay spousal and child support pendente lite remains in effect following entry of a final divorce decree, which reserves issues relating to support and retains the suit on the docket pending resolution of those issues.

The facts are undisputed. Appellant Jacqueline F. Duke and James M. Duke married in 1967. Two children were born of the marriage, one in 1969 and another in 1970. In 1975, the parties separated, and he filed a divorce suit against her in the court below.

On June 25, 1975, the divorce court entered an order reciting that the wife was "entitled to temporary support for herself and two . . . children." The court ordered Duke to pay the sum of $130 per month as a unitary support award "consecutively on the 15th of each and every succeeding month . . . until the further order of this Court." According to the record, no additional orders were entered until March 1, 1977. On that day, the court entered a "Final Decree" granting the husband a divorce on the ground of continuous separation of the parties for the required statutory period.

The last two paragraphs of the decree provided:

"It further appearing to the Court that there are financial matters unresolved between the parties, more namely alimony claims, child support, custody of the infant children

and visitation privileges for the [husband] and claims for counsel fees by the [wife], and personal property claims which matters are reserved for the [wife] upon the said [wife's] petition to the Court for a review of same.

"This cause shall remain on the docket for the aforesaid matters so reserved."

On August 4, 1983, Mr. Duke died testate seized of a 4.275-acre tract of land in Isle of Wight County. In the will, Duke devised the tract to his second wife, appellee Rosa Whitby Duke, who survived him. In April 1984, the second Mrs. Duke conveyed the realty to appellees Michael L. Davenport and Patricia S. Davenport.

On August 3, 1984, the first Mrs. Duke filed the present suit against the second Mrs. Duke and the Davenports. The plaintiff asserted that Duke, prior to his death, failed to make payments as required by the June 1975 temporary support order and that the decedent's personal estate was insufficient to pay the indebtedness. The plaintiff asked that creditors be convened and that the real estate be declared subject to the payment of the indebtedness.

In December 1987, the trial court dismissed the suit, ruling that because the plaintiff failed to file claims for spousal support and child support before Duke's death, "there were no sums of support due and payable by James M. Duke to plaintiff on or after March 1, 1977," the date of the divorce decree. The plaintiff filed an appeal with the Court of Appeals. Ruling that it did not have jurisdiction, the Court of Appeals transferred the case to this Court pursuant to Code § 8.01-677.1, and we awarded the plaintiff an appeal.

Contending the trial court erred, the plaintiff argues that the husband's "obligation of support continued following entry of the divorce decree because no final decision had been reached on certain issues in the case." According to plaintiff, "the decree itself shows that these issues remained to be resolved, and the case was expressly retained on the docket for resolution of these issues." Continuing, the plaintiff contends that "the trial court should have looked to the concept of finality and found that the pendente lite support obligation did not end upon the entry of a decree which divorced the parties without finally resolving the related economic issues." We agree that the trial court erred.

The 1975 temporary support order was entered pursuant to Code § 20-103 (1975 Repl. Vol.) which, at times relevant to this controversy, provided:

> "The court in term or the judge in vacation may, at any time pending the suit, in the discretion of such court or judge, make any order that may be proper to compel the spouse to pay any sums necessary for the maintenance and support for the petitioning spouse and to enable him or her to carry on the suit, or to prevent him or her from imposing any restraint on his or her personal liberty, or to provide for the custody and maintenance of the minor children of the parties during the pendency of the suit, or to preserve the estate of the man or woman, so that it be forthcoming to meet any decree which may be made in the suit, or to compel him or her to give security to abide such decree."

Significantly, the divorce court was authorized to provide for spousal and child support "during the pendency of the suit," that is, while the suit was pending. Because the 1977 divorce decree expressly provided for retention of the cause on the docket, the suit remained pending after entry of the decree. *See Smith* v. *Smith*, 4 Va. App. 148, 151, 354 S.E.2d 816, 818 (1987). *See also Taylor* v. *Taylor*, 5 Va. App. 436, 441, 364 S.E.2d 244, 247 (1988). And, the decree contained a clear and specific reservation of jurisdiction over support and other matters. *Cf. Losyk* v. *Losyk*, 212 Va. 220, 222, 183 S.E.2d 135, 137 (1971) (divorce court without jurisdiction to modify spousal support obligation to meet changed conditions after final decree unless "clear and explicit" reservation of jurisdiction made in decree).

Consequently, we hold that Duke's obligation to pay the unitary support award as mandated by the 1975 order did not terminate upon entry of the decree of divorce but continued until his death. According to the record, no orders had been entered in the divorce suit subsequent to the 1977 divorce decree and before Duke's 1983 death, nor had the suit been dismissed under Code § 8.01-335(B) (court has discretion to dismiss case pending for more than five years when there has been no order or proceeding except to continue it).

Therefore, the decree appealed from will be reversed and the cause will be remanded to the trial court for further proceedings

including a hearing to determine the amount of support arrearages Duke owed during his lifetime.

*Reversed and remanded.*