## CIRCUIT COURT OF LOUDOUN COUNTY

Lindamood

v.

Lindamood

May 3, 1990

Case No. (Chancery) 12253

By JUDGE THOMAS D. HORNE

On October 18, 1989, this Court entered a requested *pendente lite* order in this case. Endorsed as "we ask for this," the Order reflected the "agreement of the parties." The Court finds this to be a stipulation signed by the parties which is covered by the provisions of Section 20-109, Code of Virginia as amended. That section provides, in pertinent part, that:

> if a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed with the pleadings or depositions, then no decree or order directing the payment of support and maintenance for the spouse, suit money, or counsel fee or establishing or imposing any other condition, monetary or nonmonetary, shall be entered except in accordance with that stipulation or contract . . . Section 20-109 Code of Virginia, as amended.

While an attorney has no authority to compromise a claim without express authority, he may make admissions and stipulations of facts binding on his client. *See, Concrete Co. v. Board of Supervisors of Fairfax County,* 197 Va. 821, 827, 828 (1956) (citations omitted). The

stipulation only applies to *pendente lite* relief and therefore will terminate with the entry of a final Decree. Section 20-103 Code of Virginia, as amended; *Smith v. Smith*, 4 Va. App. 148 (1987); *Santos v. Santos*, Record No. 1050-86-2, Court of Appeals (July 13, 1987) (unpublished). However, the fact that it is a *pendente lite* decree will not affect its effectiveness as a bar to modifications during the pendency of the action pursuant to the express directive of § 20-109, Code of Virginia, as unamended. Accordingly, the motion to modify the agreement and Consent Decree of October 18, 1989, is denied.