## CIRCUIT COURT OF LOUDOUN COUNTY

American Horse
Protection Ass'n, Inc.

v.

Anna Mae Carter et al.

January 10, 1992

Case No. (Chancery) 9826

BY JUDGE THOMAS D. HORNE

Complainant, American Horse Protection Association, Inc., is the successor in interest to Marianne S. Ferrell (Evans) in a certain lot and parcel of land located in the area of Lucketts, Loudoun County, Virginia. Marianne S. Ferrell (Evans) commenced the instant action for declaratory relief on June 4, 1985. She alleged in her Bill of Complaint that defendants, adjoining landowners, were using her lands as a means of ingress and egress to their property. In addition, she claimed that they were asserting an interest in an easement across her property. It is alleged that this use and continued assertion of a right of way by the Carters gives rise to a justiciable controversy.

In their Answer and Cross-Bill filed in response to the Bill of Complaint, the Carters not only assert an express easement across the adjoining parcels but claimed an easement to have arisen both of necessity and by prescription. The defendant-cross complainant, Anna Mae Carter, appeared by her Guardian, Delmara Bayliss, Esq. Marianne E. Jones Evans (Marianne Mount) filed an Answer; however, by order of this court entered April 7, 1989, the Bill was dismissed as to her with reservation as to the existence of an alleged express easement described in Deed Book 60 at page 405.

This is not the first time the existence of an easement over the lands of complainant has been the subject of litigation. By Decree of

this Court, entered February 9, 1970, complainant in the instant action and her then husband, Walker W. Evans, were enjoined from:

> obstructing or in any way interfering with the free use by the complainants [Daisy Loy Carter, Anna Mae Carter and Robert W. Carter] of the roadway across the land of the defendants [Walker W. Evans and Marianne S. Evans] for the purposes which the said roadway was used in the past, etc. . . . .

The Court, in its Decree of February 9, 1970, specifically provided that the injunction was continued for a period of ninety days and that the complainants "shall file their petition to establish the continued right to use said roadway . . . ." This Order was never followed by the filing of a Petition, and the case was dismissed by an Order on January 4, 1979, *nunc pro tunc*, to December 31, 1978.

Counsel for the American Horse Protection Association asserts that this dismissal may constitute a bar to any claim by the defendants to an easement across the land of the complainant. The court finds that a dismissal pursuant to § 8.01–335(B) does not constitute an adjudication on the merits of the cause. The effect of an Order entered pursuant to § 8.01–335(B) is to bring an end to pending litigation including *pendente lite* orders. *Smith v. Smith*, 4 Va. App. 148 (1987). As the Court observed in *Lowry v. Noell*, 177 Va. 238 at 243 (1941):

> It is true that chancery causes do sometimes have to sleep and for many reasons, none of which are present here. This statute, designated to speed litigation, should, in general, be obeyed.

This view of the statute as a procedural mechanism for docket control is consistent with the recognition that a cause may abate or be dismissed without determining the merits. *See* § 8.01–229(E)(1), Code of Virginia, as amended.

The Court finds that the Carters have failed to prove by clear and convincing evidence the existence of either an express easement or a prescriptive easement over the lands of the American Horse Protection Association or their predecessors in title. However, the Court finds that an easement of necessity has been shown by the evidence to exist over the servient estate of the complainant. This easement affords reasonable and needed ingress and egress to the Carter tract.

In order to establish a right of way by necessity over the lands of the complainant, it is incumbent upon Anna Mae Carter to show by clear and convincing evidence not only a prior union of the dominant and servient estates but that as a result of a subsequent conveyance, the dominant estate was left entirely surrounded by property of the grantor or strangers to the title. In addition, it is necessary that the person seeking to establish such an easement clearly demonstrate that the existence of a way across the servient estate is reasonably necessary to the enjoyment of the dominant estate and that there exists no other way of access to the dominant estate (even though such other way may be less convenient and may involve some labor and expense to develop). *Middleton v. Johnson*, 221 Va. 797 (1981). The defendants have met this burden.

The evidence clearly demonstrates that for many years prior to the acquisition of the adjoining parcel by the Walkers, the owners of the Carter tract utilized two means of egress and ingress to their property. Furthermore, there exists no express easement serving the Carter tract. But for the existence of these two ways, the Carter tract remained landlocked. It is now completely surrounded by lands of the common grantor or by strangers in title to the Carter property. These two accessways have been described as the "pond road" (ph) and the "sandhole road" (ph). The "pond road" was rendered unusable by the construction of a pond by the complainant and Mr. Evans some years ago after they had moved on the property. Upon the division of the adjacent parcel by complainant and Mr. Evans, this pond was left situated on the property of Mr. Evans and his successors in interest.

The "sandhole road" was by such partition and division left to cross the property of the complainant. Upon this tract, Mr. Evans and complainant had built their marital home. It now traverses the property of the American Horse Protection Association. While the entrance to the right of way from Route 658 has changed somewhat, any such change does not impact on the existence or general location of the easement. Similarly, the court finds the evidence of permissive use and license concerning this way not persuasive, given the act of the owners of the servient estate in closing the only other means necessary to access to the property.

Accordingly, the court finds that an easement of necessity exists across the property of the American Horse Protection Association.

The Court further finds that the Cross-Bill is sufficient to raise an issue of the existence of such an easement. In this connection, the Court notes the following language of the Cross-Complaint:

> [t]he only way whereby the public highway could and can be reached from your defendants' said parcel of land was and is through the said parcel of land owned by the said complainant.

The existence of such an easement will be declared. In the event the parties cannot agree upon the dimensions and location of the easement, the Court will, upon a future view of the property and the evidence in this case, delimit for surveyor the boundaries of such easement in order that an accurate plat and survey will be included with the Final Decree in this case. Any costs of such survey shall be equally borne by the parties. Because not prayed for in the Bill or Cross-Bill, the Court makes no finding with respect to the obligation of the parties for the maintenance of said easement.