COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Bumgardner and Clements
Argued at Alexandria, Virginia


KAREN K. VOORHIES

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1729-00-4      JUDGE JEAN HARRISON CLEMENTS
                                         JULY 10, 2001
GERALD J. VOORHIES


           FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      F. Bruce Bach, Judge

         Judith M. Bragan (Judith M. Bragan, P.C., on
         brief), for appellant.

         Gerald J. Voorhies, pro se.


     Karen K. Voorhies (wife) appeals from the order entered by

the circuit court on June 23, 2000, dismissing the rule to show

cause issued on April 25, 2000 against Gerald J. Voorhies

(husband).  The trial court concluded that, even though husband

had failed to pay wife court-ordered pendente lite child support

and wife was entitled to payment of reasonable attorney's fees

incurred in attempting to obtain that unpaid support, the court

could not find husband in contempt of court and wife could not

obtain those arrearages and attorney's fees because the trial

court no longer had jurisdiction over the issue of pendente lite

child support since more than twenty-one days had lapsed after the

_____

      * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

final, unappealed decree of divorce adjudicating the issue had been entered.  Wife contends the trial court erred in reaching that conclusion and, earlier, in eliminating the proposed arrearages provision from the divorce decree.  Finding that the trial court erred in dismissing the rule to show cause, we reverse and remand this case for the reasons that follow.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as necessary to the parties' understanding of the disposition of this appeal.  "[W]e review the trial court's statutory interpretations and legal conclusions de novo."  Timbers v. Commonwealth, 28 Va. App. 187, 193, 503 S.E.2d 233, 236 (1998).

BACKGROUND

On August 22, 1997, the trial court entered an order awarding pendente lite child and spousal support payments to wife.  On April 22, 1998, the parties executed a Child Custody, Parenting, Spousal and Child Support Agreement (parenting agreement), which increased husband's child support obligation.  On December 2, 1999, wife filed a petition for a rule to show cause to collect child support arrearages based on husband's failure to comply with the court's pendente lite order of August 22, 1997 and the parties' parenting agreement.  On December 10, 1999, the trial court declined to issue the requested rule because the parenting agreement had not been incorporated into a court order.  On

-

January 11, 2000, wife filed a motion for entry of a court order incorporating the parenting agreement. The trial court entered an order incorporating the parenting agreement on February 9, 2000. The case was then continued to February 22, 2000, on the issues of equitable distribution and changes of circumstances relating to child custody and support.

At the February 22, 2000 hearing, the trial court ruled on the equitable distribution and changes of circumstances issues and directed wife's counsel to prepare an order to be presented for entry on March 10, 2000. Regarding the presentation of that order, the trial judge stated, "I'm not inviting any further evidence, further argument, or further briefing, but just . . . present the order."

On March 3, 2000, wife filed a notice that on March 10, 2000, she would move the trial court for entry of a final decree of divorce that included the trial court's rulings from the February 22, 2000 hearing. Wife included in her proposed divorce decree a paragraph setting forth husband's child support arrearages as of March 10, 2000. To show how those arrearages were calculated, wife presented a sworn petition for a rule to show cause seeking child support arrearages and her attorney's fees incurred in attempting to obtain those arrearages to the trial court at the hearing on March 10, 2000. The trial judge, however, refused to hear any evidence at the March 10, 2000 hearing, noting that the February 22, 2000 hearing was "the final hearing in the case."

-

The February 22, 2000 hearing was, the court continued, "the time to put on evidence on all issues."

The trial court entered the decree of divorce on March 29, 2000.[1] The trial judge struck through the provision in the proposed decree regarding arrearages and wrote in its place, "No evidence was presented as to arrearages." The trial judge also added to the decree the language, "This cause is final." Wife's counsel endorsed the decree without exceptions, and wife did not file a notice of appeal with respect to the decree.

On April 25, 2000, based on wife's previously submitted petition for a rule to show cause to recover the pendente lite arrearages, the trial court issued a rule to show cause against husband. At the hearing on the rule to show cause, on June 23, 2000, the trial court found that husband had failed to pay wife $5,056.50 in pendente lite child support and that $2,500 was a reasonable amount of attorney's fees incurred by wife in attempting to obtain payment by husband of the pendente lite child support arrearages. The court concluded, however, that it could not find husband in contempt of court because the March 29, 2000 final decree of divorce stated that no evidence of any arrearages had been presented and the decree did not reserve the arrearages

---

[1] In addition to granting wife a divorce, the decree provides that the parties' parenting agreement dated April 22, 1998, which was incorporated into the trial court's order of February 9, 2000, is also affirmed, ratified, and incorporated into the decree of divorce.

issue for later determination.  Thus, the trial court reasoned, because the decree was a final order that adjudicated the cause, the court lacked jurisdiction over the matter more than twenty-one days after the final decree's entry.  Consequently, the trial court ruled that wife was precluded from obtaining pendente lite child support arrearages and dismissed the rule to show cause.

ANALYSIS

Wife contends the trial court erroneously concluded that the issue of child support arrearages was adjudicated in the divorce decree.  We agree.

Rule 1:1 provides, in pertinent part, that "[a]ll final judgments, orders, and decrees . . . shall remain under the control of the trial court and subject to be modified, vacated or suspended for twenty-one days after the date of entry, and no longer."  Here, however, wife was not seeking in her petition for a rule to show cause to modify, vacate, or suspend the final decree of divorce or the February 9, 2000 order incorporating the parties' parenting agreement.  Rather, she merely sought enforcement of the child support provision of the parenting agreement incorporated in the court's February 9, 2000 pendente lite order, the validity of which husband does not challenge.  To conclude as the trial court did—that the entry of the divorce decree nullified the February 9, 2000 order—would retroactively nullify the right to accrued child support under a pendente lite order.  "To so hold would be in derogation of the well established

-

principle that court-ordered support becomes vested when it accrues and the courts are without authority to make any change with regard to arrearages." Smith v. Smith, 4 Va. App. 148, 152, 354 S.E.2d 816, 818-19 (1987).

This does not end our inquiry, however. We must decide whether the trial court correctly interpreted the language in the divorce decree that reads, "No evidence was presented as to arrearages," as an adjudication of the issue of arrearages. We conclude that the divorce decree did not adjudicate the issue of arrearages.

No rule to show cause was ever issued as a result of wife's first petition filed December 2, 1999. The only issues noticed for the hearing on February 22, 2000, involved equitable distribution and changes of circumstances related to custody and support. After deciding those issues, the trial judge told the parties to present the order memorializing her rulings from the February 22, 2000 hearing on March 10, 2000. Both parties wanted a divorce, which the trial court "intended to give them" in that order. However, the trial judge specifically admonished the parties that she would not hear further evidence or argument at the March 10, 2000 hearing.

At the March 10, 2000 hearing, wife presented a second petition for a rule to show cause to the court and attempted to raise the arrearages issue and her request for attorney's fees in the case. No rule had been issued or notice given to present

-

evidence on the issue of arrearages at the March 10, 2000 hearing. The trial judge refused to take evidence on those issues. Thus, when the trial judge entered the divorce decree, she properly struck the arrearages language in wife's proposed decree because arrearages had not been an issue before the court on March 10, 2000, and no evidence thereon had been presented.[2]

We hold, therefore, that, because the issue of pendente lite arrearages was not adjudicated in the divorce decree, the trial court had jurisdiction to enforce husband's compliance with the court's pendente lite child support order. Thus, the trial court erred in dismissing the rule to show cause issued against husband on April 25, 2000, despite finding that husband owed wife $5,056.50 in pendente lite child support and $2,500 in attorney's fees incurred by wife in seeking enforcement of the court's pendente lite child support order.

Wife also seeks an award of attorney's fees and costs incurred in this appeal. We decline the invitation to make husband pay for an appeal that arose not from any meritless claims by him but from an erroneous ruling by the trial court. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 479 S.E.2d 98 (1996).

---

[2] Although wife's second assigned error—that the trial court erroneously eliminated the proposed arrearages provision from the divorce decree—is not properly before us, that argument having never been made to the trial court, see Rule 5A:18, we have necessarily decided the issue in reaching our decision in this case.

-

For the foregoing reasons, we reverse the judgment of the trial court and remand this case to the trial court for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>