COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Petty and Senior Judge Fitzpatrick
Argued at Alexandria, Virginia


BETTY JEAN STEWART-PAYNE

                                                            MEMORANDUM OPINION[*] BY
v.        Record No. 0541-07-4                   JUDGE JOHANNA L. FITZPATRICK
                                                                 JANUARY 29, 2008
RAYMOND V. PAYNE


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David T. Stitt, Judge

         Kenneth L. Crosson (Crosson & Sodowsky, PLLC, on brief), for
         appellant.

         No brief or argument for appellee.


         In this domestic appeal, Betty Jean Stewart-Payne (wife), contends that the trial court

erred in ordering the payment of the mortgage on the marital home that was titled solely in

husband's name to be paid out of the child support awarded to wife.[1]  Under the facts of this

case, we hold that the trial court erred.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Wife raised two additional issues:  (1) Whether the trial court erred in considering the pay down of the mortgage to be the separate property of Raymond V. Payne (husband) for purposes of applying the "Brandenburg formula"; and (2) whether the trial court erred in failing to conduct a further hearing concerning the wife's needs and the husband's ability to pay child support when the court discovered that the marital home and personal property had been destroyed by fire.
         The record fails to show wife timely objected to application of the Brandenburg formula or requested a hearing as outlined in the question presented.  "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court."  Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).  See Rule 5A:18. Therefore, our consideration of these issues is procedurally barred under Rule 5A:18.

BACKGROUND

The parties were married on February 6, 1995, and had one child, born on August 26, 1998.  The parties separated on March 26, 2004, and husband filed a bill of complaint seeking a divorce on March 15, 2005.

On September 9, 2005, the trial court entered an agreed *pendente lite* order that gave wife exclusive possession of the marital residence until the date of sale and required husband to pay the mortgage and the equity line of credit on the property.[2]  The parties further agreed that wife would pay other household expenses and "[h]usband shall receive credit from August 15, 2005 to the date of sale for his separate pay down of the principal of the mortgage."  Any decisions regarding pay downs occurring from the date of separation until August 15, 2005, were reserved for the equitable distribution hearing.  "[I]n consideration for Husband's payment of the mortgage and equity line of credit, Wife shall not seek nor receive child support or spousal support until such time as the Marital Residence is sold."  Wife signed the order, "Seen and Agreed."

On April 11, 2006, the parties entered into a consent custody and visitation agreement that gave the parties joint legal custody and wife primary physical custody of the minor child.  On April 18, 2006, the trial court conducted an *ore tenus* equitable distribution hearing.  Husband requested that the trial court "consider the various purchases and paydowns of equity during the marriage and post separation in order to determine what each side's interest in the equity in the home is."

The trial court took the case under advisement, and on December 15, 2006, announced its decision from the bench.  It awarded the parties a divorce based on separation for more than one

_____

[2] Although the home was titled in husband's name, it was conceded it was marital property for equitable distribution purposes.

year.  It also awarded wife child support under the guidelines in the amount of $1,079 per month, and directed it to start following the sale of the marital home in accordance with the September 9, 2005 *pendente lite* order.  However, during the hearing, wife advised the trial court that a fire had damaged the marital home and made it uninhabitable, precluding wife and child from living there.  The trial court ordered that husband continue to pay the mortgage on the property and pay wife "400 a month child support."  The final decree of divorce entered February 1, 2007 recites, *inter alia*:

> Child support for one child is $1,079 per month.

> \*     \*     \*     \*     \*     \*     \*

> Payments in full of $1,079 per month will begin upon the sale of the marital home.  Limited payments of $400 per month shall commence effective December 1, 2005 and continue on the 1st day of each month.

Wife included the following objections and exceptions to the decree:

> Seen and Excepted to as to the Court's ruling that the Plaintiff [husband] shall not pay guideline child support until the sale of the marital home; and the Court's ruling that the Plaintiff shall receive credit for mortgage payments which he is paying in lieu of child support; that the defendant and child moved out of the marital home in 4-26-06 as a result of a fire and the child has not benefited from the payment of the mortgage; and with respect to the Court's ruling that entry of Judge Keith's order constitutes a waiver of child support.

## DISCUSSION

The sole issue preserved for appeal is whether the trial court erred in ordering husband to continue paying the mortgage on the fire-damaged and uninhabitable house and receive credit for doing so, in lieu of paying the full amount of child support due under the presumptive guidelines amount.

Wife argues the trial court erred in giving husband a credit of $1,500 for paying the mortgage on the marital home and limiting his payment of child support to $400 per month rather

- 3 -

than paying the total guideline amount of $1,079 to adequately address the child's needs.[3] She argues that the child support payments were necessary because she and the child no longer resided in the marital home because of fire damage and had additional expenses that were not considered by the trial court.

"'Decisions concerning child support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence.'" Joynes v. Payne, 36 Va. App. 401, 424, 551 S.E.2d 10, 21 (2001) (quoting Smith v. Smith, 18 Va. App. 427, 433, 444 S.E.2d 269, 274 (1994)).

We have held that the "starting point for a trial court in determining the monthly child support obligation of a party is the amount as computed" pursuant to the statutory schedule. Richardson v. Richardson, 12 Va. App. 18, 21, 401 S.E.2d 894, 896 (1991). The trial court may then adjust that amount based on the fourteen enumerated factors listed in Code § 20-108.1, including, *inter alia*, actual monetary support for other family members; custody arrangements; debts of either party arising during marriage for the benefit of the child; direct payments ordered by the court for the benefit of the child; any special needs of a child; the standard of living for the child established during the marriage; the parents' earning capacity, obligations, and financial resources; written agreements, consent orders or stipulations between the parties; and "[s]uch other factors as are necessary to consider the equities for the parents and children."

Although the parties agreed in the September 9, 2005 *pendente lite* order that husband would pay the mortgage while wife and child lived in the home and that child support would not begin until after the sale of the marital home, the trial court erred in failing to consider the changed circumstances after the fire that prevented wife and child from residing in the home. As

---

[3] Wife conceded that the trial court followed the statutory procedures for determining the total amount of child support pursuant to the guidelines.

a result, the child support was not allocated to benefit the child. Unlike provisions providing for child or spousal support in a final divorce decree, support under a *pendente lite* decree, pursuant to Code § 20-103, is only temporary. Ipsen v. Moxley, 49 Va. App. 555, 564-65, 642 S.E.2d 798, 802 (2007); see also Smith v. Smith, 4 Va. App. 148, 151, 354 S.E.2d 816, 818 (1987). Factors which the court must consider prior to an award of permanent support are not required to be considered before an award of *pendente lite* support. Cf. Code §§ 20-107.2 and 20-108.1 with Code § 20-103.

> The best interest of the child . . . is the paramount and guiding principle, whether it be adopting the presumptive amount, calculating an alternate sum after the presumptive amount has been rebutted, ordering the amount agreed upon between the parents, or approving, ratifying and incorporating, in whole or in part, the child support provisions of a contract.

Watkinson v. Henley, 13 Va. App. 151, 158-59, 409 S.E.2d 470, 474 (1991).

Because the house was no longer habitable after the fire, leaving wife and child without a residence or sufficient funds to obtain shelter, the trial court abused its discretion in continuing to allow husband to make mortgage payments and receive credit for them in lieu of making the required child support payments to wife for the child's benefit. Thus, we reverse and remand for the trial court to order a retroactive payment of the child support payments due from the date of entry of the final decree consistent with this opinion.

Reversed and remanded.